WHITE *vs.* STORY, administrator, &c.

The power of a surrogate to refer a matter in controversy, arising out of a claim presented to an executor or administrator, against the estate, under title 3, part 2, chapter 6, sec. 34 of the revised statutes, embraces both legal and equitable claims.

In order to charge the separate estate of a married woman with a debt, prior to the act of 1860, there must have been an intention to charge the same, stated in the contract itself, or the consideration must have been one going to the direct benefit of the separate estate. SUTHERLAND, J. dissented.

The subsequent promise of the married woman to pay the debt, out of her separate estate, will not supply the defect of proof in the original contract.

The furnishing of a supper, on the occasion of her daughter's marriage, will not be deemed a consideration going to the direct benefit of the separate estate.

APPEAL from a judgment entered upon the report of a referee. The case originated in an order of reference entered upon an agreement, dated November 4th, 1862, (approved by the surrogate,) to refer to Philo T. Ruggles, Esq. a matter in controversy, arising out of a claim presented to the defendant, as administrator of Maria J. Boerum, deceased, under the provisions of 2 *R. S.* 88, § 36. There were no pleadings, and the claim was for the "amount of a bill, as per contract, for wedding party, four hundred and eighty-nine dollars and thirty-seven cents" and interest. The cause was tried before the referee in the fall of 1863 and early part of 1864. His report is dated February 18th, 1864, whereby

White *v.* Story.

he found in favor of the plaintiff, that in the fall of 1859 the plaintiff, at the request of Mrs. Boerum, furnished, sold and delivered to her goods, wares, &c. of the value of four hundred and eighty-nine dollars and thirty-seven cents, for an entertainment given by her on the occasion of the marriage of her daughter; that they were furnished on her personal order, and she repeatedly promised to pay for them out of her separate estate; that she had such separate estate, and the plaintiff knew it; that her husband, Jacob B. Boerum, was insolvent at the time, and the plaintiff knew it; that the articles were charged by the plaintiff to her, and that they were in accordance with her sphere in life. He found, as matter of law, that the plaintiff was entitled to recover against the defendant, as administrator, the amount claimed, with interest. Upon the report, judgment was entered March 11, 1864, for six hundred and sixty-nine dollars and sixty-five cents, from which the defendant appealed to the general term of this court, upon his exceptions to the report filed and served, and also upon his exceptions taken on the trial, and presented in the case; first, to admissions of testimony, and second, to the refusal of the referee to nonsuit the plaintiff.

*Robinson & Scribner,* for the appellant. I. The referee erred in allowing the plaintiff to answer the question, "In the furnishing of this supper, what acts did Mrs. Boerum do?" He was allowed to give evidence against the administrator, in respect to a transaction had personally between the deceased and the witness. The question propounded has reference to matters as to which he is asked to speak as a witness of them, and to what took place in a transaction between the deceased and the plaintiff, (the principal,) in reference to her procuring the goods to be furnished by him.

II. When the testimony on the part of the plaintiff had been concluded, the motion made to dismiss the case, or grant a nonsuit, ought to have been granted. 1. Mrs. Boerum

being (in the fall of 1859, when these goods were contracted for) a married woman, residing with her husband, had no power to contract a *debt* which would charge her personally. (*Coon* v. *Brook*, 21 *Barb.* 546. *Bass* v. *Bean*, 16 *How.* 93. *Arnold* v. *Ringold, Id.* 158. *Andriot* v. *Lawrence*, 33 *Barb.* 142.) 2. The orders of the wife, in the departments of her husband's household which she has under her control, are to be implied in law, and presumed in fact, as within her agency on her husband's behalf, and bind him. In this case the goods were delivered to the husband; and he was present at the entertainment. (*Switzer* v. *Valentine*, 4 *Duer*, 96. *S. C.* 10 *How. Pr. R.* 109. *Freestone* v. *Butcher*, 9 *Car. & P.* 643. *Lane* v. *Ironmonger*, 13 *Mee. & W.* 368.) The husband is equally liable, although the goods are charged on the tradesman's books to the wife. (*Furlong* v. *Hysom*, 35 *Maine Rep.* 332.) 3. The debt was not contracted for the benefit of Mrs. Boerum's separate estate; nor did she create any charge upon it for the payment of the debt. (*Yale* v. *Dederer*, 22 *N. Y. Rep.* 450. *Owen* v. *Cawley*, 36 *Barb.* 52. *Ledlie* v. *Vroman*, 41 *id.* 109.) 4. A suit against the estate of Mrs. Boerum could only be maintained as an action *in rem,* brought to charge some specific property, and not *in personam.* (*Dickerman* v. *Abrahams*, 21 *Barb.* 551. *Sexton* v. *Fleet*, 15 *How. Pr. R.* 106. *See* authorities cited in *Voorhies' Code*, [7th ed.] p. 173.) 5. No such remedy could be afforded on a demand at law, referred out of the surrogate's court. Claims of an equitable character are not within the cognizance of that court, nor can claims out of that court be recovered on such a reference, when it is made to appear that they are purely equitable.

III. If the court conclude there is error in the judgment, for any of the reasons stated in the last point, the judgment should be reversed, and judgment ordered for the defendant, with costs; but if not, then the judgment should be reversed and a new trial ordered, with costs to abide the event, for the error suggested in the first point.

White *v.* Story.

*A. R. Dyett,* for the respondent. I. The goods furnished being in accordance with the wife's sphere in life, and consisting mostly of the necessaries of life, such as bread, meats, &c., *and going directly to her and her children's benefit,* should be a charge upon her separate estate, even if there was no avowed intent so to charge her separate estate. If the rent of a house occupied by her and her family would be a charge upon her separate estate, (*Taylor.*v. *Glenny,* 22 *How. Pr. Rep.* 240,) then these necessaries of life furnished to her, on her own order, to her and her family, are a charge upon her separate estate. The charge grows out of the beneficial nature of the contract to her individually. (*Id. per Leonard, J.*) If the doctrine there held is true as to rent due, do not bread, butter, meats &c., furnished Mrs. Boërum for her and her family, charged to her at the time, promised repeatedly to be paid by her out of her separate estate, admitted to have been incurred by her, go to her own direct benefit?

II. It has always been held, that where a debt has been contracted by a *feme covert,* this will be *prima facie* evidence of an appointment, or appropriation of her separate estate, to the payment of the debt. (*Vanderheyden* v. *Mallory,* 1 *Comst.* 458.) All the early and recent cases, both in this country and England, establish the doctrine that where a *feme covert* holds separate property and obtains credit, the property is held liable without any special appointment. (1 *Comst.* 458. 7 *Paige,* 7, 112. 22 *Wend.* 526; *and other cases referred to in* 1 *Comstock.*)

III. The separate estate of a married woman would be held liable for her debt, where, in the contracting of the debt, there was an intention to charge her estate, *or where the consideration of the contract goes to her individual benefit.* The intent to charge the separate estate may be expressed in the contract, or inferred from the direct benefit to the estate. (22 *How.* 12.) And in the same case the court also held "that services rendered the wife for the benefit of her estate, though profitless, would be a charge upon her

estate." In *Yale* v. *Dederer*, (22 *N. Y. Rep.* 450,) the estate of the married woman was exempted, because, in the contract, there was no expressed intention to charge the separate estate, neither did the consideration go to her individual benefit, or to the benefit of her estate. In a similar case to *Yale* v. *Dederer*, (upon a wife's note,) (*Francis* v. *Ross*, 17 *How. Pr. Rep.* 561,) the note was recovered out of her separate estate, because it was given with the intent to charge it. (*See also per Hilton, J. in Francis & Becke* v. *Ross*, 17 *How.* 554.) The same rule of law and construction of *Yale* v. *Dederer* was held at general term, 1st district, in *Ledeliey* v. *Powers*, 39 *Barb.* 555.) In this case the intestate promised to pay the debt out of her separate estate, and the referee has found as a fact that she so promised. There can be no more conclusive evidence of an intent to charge that estate.

IV. The referee's findings of fact are such as to bring this case wholly within the cases cited; and the "appellate court can not interfere with referees' findings of fact, unless clearly against the weight of evidence, or in direct violation of some rule of law." (*Roberts* v. *Carter*, 28 *Barb.* 465. *Davis* v. *Allen*, 3 *Comstock*, 168. *Murfey* v. *Brace*, 23 *Barb.* 561.)

V. As to the third and fourth objections by the defendant to the plaintiff's recovery, we have only to say, that if it were true, that during the life of Mrs. Boerum an action like a bill in equity might have been necessary, which we by no means concede, since the passage of the acts of March 20, 1860, and April, 1862, (*Laws of* 1860, *ch.* 90, § 7, *and Laws of* 1862, *ch.* 172, § 7,) after her death, no such necessity exists. In every case all the debts of an intestate are liens upon his or her goods, chattels and credits, and the surrogate in all cases enforces these liens, by the application of the property to the payment of the debts, and this without distinction between legal and equitable demands.

White *v.* Story.

BARNARD, J. This appeal presents two questions : *First.* Is the claim made against the administrator one which could be referred under title 3, part 2, chapter 6, section 34 of the revised statutes? The statute is very comprehensive; it authorizes the reference to be made of any disputed "claim" against the estate of any deceased person. It does not exclude equitable claims. It does not limit the reference to legal claims. The supreme court, at general term in the second district, have decided in an important case, (*Ackemon* v. *Congdon, ex'r &c. of Ackemon, deceased,*) that the power to refer under this statute covers both legal and equitable claims against a deceased person.

*Second.* Is the evidence sufficient to sustain the judgment? It is needless to go into a full examination of the American and English cases on the subject of charging the separate estates of married women. They are very conflicting as to the principle stated, and on the reasoning by which they are supported.

The court of appeals have in a late case established that, in order to charge the separate estate of a married woman, there must have been an intention to charge the separate estate stated in the contract itself, or the consideration must be one going to the direct benefit of the estate. (*Yale* v. *Dederer,* 22 *N. Y. Rep.* 450.)

The case shows no evidence that the deceased contracted this debt with the intention to charge her separate estate stated in the contract.

The vital fact necessary to charge her separate estate is wanting. Her subsequent promise to pay the debt out of her separate estate does not supply the defect of proof in the original contract. From the evidence given, she was never liable at all. She must have done enough to charge her separate estate at the time of the contracting of the debt, and in the contract, or there is no action against her, unless the consideration went to the benefit of the estate directly.

White *v.* Story.

Does it? Did the furnishing of this supper tend in that direction? It is claimed that, because it went directly to her and her children's benefit, it should be charged on her estate. The rule requires a direct benefit to the estate itself.

I think that the evidence is insufficient to charge the defendant's estate, and the judgment should be reversed and a new trial granted, with costs to abide the event.

LEONARD, J. concurred.

SUTHERLAND, J. I can not concur. In my opinion, the evidence and the facts found by the referee would have abundantly sustained an action, in the lifetime of Mrs. Boerum, to charge her separate estate with the payment of the debt, and, considering the judgment in this case to be payable or collectable only out of such portion of the separate estate of Mrs. Boerum as may be in the hands of the defendant as her administrator, I think the judgment is right and should be affirmed. The rule or principle as to the liability of the separate estates of married women, stated in the opinion of Justice Barnard, is, in my opinion, much too limited.

New trial granted.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Sutherland* and *Geo. G. Barnard,* Justices.]