LENNOX *et al.* v. ELDRED *et al.*, appellants.

*Married women — joinder of parties.*

A wife is not liable for the debt of her husband, although during his life, and also after his death, she makes a verbal promise to pay the same.

In an action upon the debt of a married woman, contracted before marriage, her husband may be joined with her.

THIS is an action commenced in a justice's court where the plaintiff recovered a judgment, from which the defendant appealed to the county court of Lewis county, where a new trial was had.

The plaintiff in his complaint sought to recover on two causes of action. One cause of action set out in the complaint was upon a special promise of the defendant Theresa Eldred, to pay the balance of a debt of her former husband, one Harrington, made in his lifetime, for goods sold to him to the amount of $75.84.

The other cause of action was for goods sold to the said Theresa on her own account after the decease of her said husband Harrington, and before her intermarriage to her co-defendant, her present husband. The plaintiff on the trial gave evidence of the special promise set out in the complaint, and the defendant Theresa denied the same; and the plaintiff also gave evidence showing that the said Theresa was indebted to the plaintiff for goods sold her under the second cause of action to the amount of $22.98, intermediate the death of her former husband and her marriage to her present husband.

The defendant on the trial moved for a nonsuit, on the ground that defendant was not liable for her husband's debts, no contract in writing being proved to charge her separate estate, and also that

she was not liable to be sued for her own debt with her present husband. Such motion was also made in his behalf, that he was not liable to be sued for her debt contracted before marriage. Such motions were denied, and the court held and charged the jury, that said Theresa was liable upon any promises made by her after the death of her former husband to pay his debt, and also that she was liable upon any special promise made in his life-time to pay such debt out of any insurance money she might receive upon an insurance on his life, and also held that a verdict might be had against both defendants to be levied out of her separate property. These propositions were duly excepted to, and the jury rendered a verdict for the plaintiff for $85, upon which judgment was duly entered up, from which, after a motion in the county court for a new trial had been made, which was denied, an appeal was duly brought to this court.

*C. E. Stephens,* for appellant.

*T. M. Reed,* for respondent.

E. D. SMITH, J. Two questions are presented upon this appeal. First. Was the defendant Theresa liable upon the promise to pay her former husband's debt to the plaintiff? Upon this question, I think the judge erred at the trial, and that the exception to the decision that she was so liable was well taken. She was not liable upon a special promise to pay her husband's debt made in his life-time, because it was not made in writing and in such form as to bind her separate estate, if she then had any such estate. The case of *Shuler et al.* v. *Nelson,* 4 Lans. 114, is conclusive on this point; and a promise to pay such debt after the decease of her husband, likewise was not a valid promise. It was at best a simple promise to pay the debt of another, and was without consideration and was void by the statute of frauds. *Shuler* v. *Nelson, supra; White* v. *Story,* 43 Barb. 124.

The other question relates to the second cause of action stated in the complaint, and duly proved at the trial. The defendant Theresa, after the death of her first husband and before her marriage to her present husband, purchased goods of the plaintiff as proved or admitted at the trial, to the amount of $22.98, for which she was clearly liable.

The only question in respect to this part of the cause of. action relates to the form of remedy, whether her husband was a proper party with her as defendant.

At common law the husband was liable for the debts of his wife contracted before marriage, and remains thus liable unless discharged by statute.

The statue of 1848 for the protection of the property of married women declares, that the real and personal property of any female who might thereafter marry, which she owned at the time of marriage, and the rents, issues and profits thereof should not be sub-ject to the disposal of her husband, nor liable for his debts, but should continue her sole and separate property as if she were a single female. So far as the liability of the husband for the debts of his wife before marriage depended upon the fact, that upon the marriage he took title to all her personal property; that ground or reason of his liability is clearly taken away by this statute. But the liability of the husband at common law did not rest upon the sole ground that he took her personal property, he was liable for her debts under all circumstances independently of this fact; he was liable if she had no property as well as if she had large possessions; he was liable to be sued for her debts and when so sued she was a necessary party, but the execution went against him alone. This is now changed by the act of 1853 (Laws of 1853, ch. 576), which declares that the action may be maintained against husband and wife jointly for any debt of the wife contracted before marriage, but the execution on any judgment in such action shall issue against and such judgment shall bind the separate property and estate of the wife only, and not that of the husband. The husband may be joined as defendant under the statute.

The charge of the county judge on this point was therefore correct, and the exception that the husband was not a proper party and could not be joined as a defendant in the action not well taken.

It follows from these views that the judgment should be reversed, except in respect to the said sum of $22.98, admitted at the trial to be due from the defendant Theresa, and for that sum it should be affirmed with interest from the time of the trial before the justice, November 10, 1871, and for that amount it should be affirmed. The appellant having succeeded in the chief matter of contest in the action, I think, should have costs upon the appeal.

*So ordered.*