Evidence was given tending to show that the note in suit was given to Mrs. Abi A. Bemis, and that the consideration therefor was a note then held by her against the defendant, which he had theretofore given her upon the purchase by him from her of some interest in the estate of her father. Although evidence tending to show the contrary of this was given by the plaintiff, as the question was not submitted to and determined by the jury, we must assume the truth of the former for the purpose of determining whether the rulings of the judge excepted to were correct. The note was presently due when given. Upon the assumption that it was then the property of Mrs. Bemis and a part of her separate estate, the defendant had a right to avail himself of any legal set-off which he then had against Mrs. Bemis, or counter-claim any demand which he had against her arising upon contract. (Code, § 150.)
The defendant in his answer, as a defence to the note, set forth in substance that the same was given by him to Mrs. Bemis in renewal of a note by him previously given to her upon the purchase by him from her of an interest in the estate of their father. That she was a married woman having a separate estate, consisting of real and personal property. That, having such separate estate, she applied to him to board her and her husband, and that she promised him that if he would board them she would pay him therefor, and that her separate estate should be charged with such payment. That he, confiding in such promise, did board them for upwards of a year, which was worth upwards of $400 (which board, it appears, was had prior to the giving of the note in suit), and avers that neither that amount, nor any part of it, had ever been paid to the defendant, and which he claimed to set-off against the note in suit. Upon the trial the defendant offered to prove *Page 249 
these facts, which was rejected, and the defendant excepted. As the note was given by the defendant to Mrs. Bemis after the demand of the defendant for board had accrued, this was presumptive evidence of settlement and payment of all previous demands he had against her, but this presumption would have been overcome by the proof offered that the demand for board, and no part thereof, had been paid. The note, being the property of Mrs. Bemis when it became due, was subject to the same defence at the suit of a subsequent transferree that it would have been as against her. The question, therefore, is whether this demand for board would have been a legal or equitable set-off in an action brought by her upon the note. As I understand from the opinion delivered in the Supreme Court, it was held that it could not have been so set off for the reason that she was to be regarded as surety for her husband for this demand. It was therein correctly stated that the husband is liable for his own maintenance and that of his wife, and this liability is not affected by the fact that she has a separate estate. This fact imposes no obligation upon her to provide for herself. If she undertook to pay for the board as the surety of her husband her contract would have been void by the statute of frauds, which provides, among other things, in substance that every contract to answer for the debt, etc., of another shall be void, unless made in writing and signed by the party to be charged. But her contract was not as surety for her husband. From the proof offered it appears that she requested the defendant to board herself and husband, and promised that she would pay for such board and would charge her separate estate with the payment therefor, and that the board was furnished by the defendant in reliance upon this promise. Laying for the present the coverture of Mrs. Bemis out of view, this was clearly a contract by her as principal and not as surety for her husband. If he boarded with the defendant with her, under this contract, the credit was given to her and to her separate estate, and not at all to him, and he would not become debtor to the defendant therefor. The law would not imply a *Page 250 
promise by him to pay for the board when it was shown that it was furnished at the request of and upon the credit of his wife, and of her separate estate.
Yale v. Dederer (18 N.Y., 265; S.C., 22 id., 450) is relied upon to sustain the ruling at circuit and the judgment of the Supreme Court. In the opinions delivered in this case will be found able and exhaustive examinations of the leading cases in this State and in England upon the subject of the liability of the separate estates of married women for the payment of debts contracted and obligations incurred by them on account of such estates and for other purposes. A careful examination of these opinions shows that such estates were held liable in equity for the payment of debts and obligations made on account thereof, in the absence of any provision in the contract creating such a charge, on the ground that the intention so to do was proved by the subject-matter of the contract. A charge so made does not become a specific lien upon the estate, by way of mortgage or otherwise, but, as there was no legal remedy, equity took the estate and applied it to satisfy the liability. That this equitable charge resulted from the equitable power of a femecovert to dispose of her equitable estate, and that the charge was therefore coextensive with the power of disposition. Hence it necessarily follows that property, real and personal, the legal title to which is held by a married woman, with full power of disposition, by virtue of the statutes of the State, is equally liable upon her contracts as her equitable estate. We have thus far considered the liability of the separate estate for her contracts relating thereto, and have seen that this liability, inYale v. Dederer, was placed upon the ground that no intention to create such liability was apparent from the facts. The opinion of SELDEN, J., went farther, and held that no charge was created upon the separate estate by a contract not relating thereto, unless the intention to create such charge was expressed in such contract. In this respect only does the opinion differ from the decisions of the English Court of Chancery, but the doctrine of the opinion is the logical result of making an intention *Page 251 
to create it the foundation of the charge. This follows from the well-established rule that the liability upon a contract, legal or equitable, must be determined by the construction of the contract as made by the parties, and if by this no liability is created none can be superadded by the courts. In the present case the proof offered by the defendant shows that Mrs. Bemis, in the contract, charged her separate estate with the payment for the board furnished by the defendant. This made that estate liable therefor, under the rule as laid down in Yale v. Dederer. But it may be said that a writing is necessary to create a charge upon real estate. This is true where a specific lien is created. But we have seen that this charge is not a specific lien confined to any portion or all the separate estate she then has, but that it may be enforced against all such property as she may have at the time satisfaction is demanded. It follows that the charge may be created by an oral contract made upon a good consideration expressing such an intention, equally as though the contract was reduced to writing. It was accordingly held, in Owen v.Cawley (36 N.Y., 600), that the separate estate was liable for the payment of the services of an attorney employed by the wife in matters relating to such estate, and the same rule has been held in other cases. (See also cases cited in the opinions inYale v. Dederer.) The Corn Exchange Ins. Co. v. Babcock
(42 N.Y., 613) was an action against a married woman upon her indorsement of the note of her husband, which expressed that for value received she charged her separate property with the payment of the note, and it was held not only that she thereby made her separate property liable for such payment, but that such liability might be enforced by an action and judgment against her in like manner as any legal liability might have been. This case was approved in Carpenter v. O'Dougherty (50 N.Y., 660), and must now be regarded as the established law of the State. The evidence offered by the defendant should have been received. It would have shown a valid set-off for the amount of the board as against Mrs. Bemis while she owned the note. This set-off was *Page 252 
equally available against the plaintiff. I think the defendant's answer failed to set up any set-off or counter-claim against Mr. Bemis while he held the note. To entitle the defendant to interpose a defence upon these grounds will require an amendment of the answer. But for the error in excluding proof of the demand against Mrs. Bemis, the judgment must be reversed and a new trial ordered, costs to abide the event.
All concur, except ALLEN, J., not voting.
Judgment reversed.