## BAKEN v. HARDER.

*Married woman — contract of — what does not charge her separate estate.*

Defendant, a married woman, living with her husband, gave written orders, signed by her, to plaintiff, a grocer, like the following: "Please let the bearer have (naming the articles and value) and I will pay you." Defendant had separate property. Goods were procured on the orders for, and used in the support of, defendant's family. *Held*, that defendant's separate estate was not chargeable for the goods procured.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the report of a referee.

The action was brought by William P. Baken, as surviving partner of the firm of Gillen & Baken, against Eunice C. Harder, to recover for goods sold and delivered. Sufficient facts appear in the opinion of Mr. Justice DANFORTH herewith given. The action was tried before a referee, who found in favor of plaintiff. Defendant appealed, and the judgment was reversed and a new trial ordered at a general term held in March, 1873, by MILLER, P. J., and DANFORTH and DANIELS, JJ. The following opinion was then delivered :

DANFORTH, J. The complaint is for goods sold and delivered. Answer, a general denial; set-off ; and upon the trial was amended by stipulation so as to embrace the defense of coverture. The plaintiff and one Gillen were copartners in business at Rossie on and prior to August 23, 1865, and so continued until April 1, 1871, on which day Gillen died. The goods for which this action is brought were purchased between the dates of August 23, 1865, and March 12, 1867, and were sold upon written orders of the defendant, corresponding to those put in evidence in this case.

The defendant was, at the times of the purchases, and is now, a married woman, living with her husband, Benjamin Harder, to plaintiff's knowledge, and the goods were purchased for and *used* in their family. The plaintiff commenced the account August 23, 1865, by charging the goods when sold upon these orders to Benjamin Harder, the husband of the defendant, and continued so to charge until and including December 22, 1866, and after that date, under the same state of facts, plaintiff commenced to charge

the account to the defendant, and continued so to do until March 12, 1867. The defendant had and has separate property sufficient to satisfy plaintiff's claim, and Benjamin Harder, her husband, was and is insolvent. The referee found in favor of plaintiff for all goods sold *subsequent* to December 22, 1866, and awarded judgment against defendant for $153.50, damages and costs. Judgment was entered February 16, 1872. This is an appeal from that judgment on a case:

There is no evidence in the case to sustain the referee's finding of fact, "That the defendant intended to bind her separate property in purchasing the goods subsequent to December 22, 1866."

"It is stipulated for the purpose of trial, that the defendant, at the times mentioned in the complaint, was and is, to plaintiff's knowledge, a married woman, and that all the goods charged on the books, except liquors by the glass, were sold and delivered to defendant on her orders similar to those in evidence ; and that she promised to pay for them, and that defendant had and has separate property sufficient to satisfy plaintiff's claim. That the defendant then lived and still lives with her husband, and that the goods were purchased for and used in their family. Further admitted, that the husband then was and still is insolvent ; and that the pleadings shall be considered amended according to the facts proved and admitted."

The orders are of the same form, and the recital of one will show the general character of all of them :

"Mr. GILLEN & BAKEN — Please to let the bearer have three dollars' worth of pork, and one dollar's worth dried apples, and 50 cts. of sugar, and I will pay you.

"EUNICE C. HARDER."

By the stipulation, the written orders are made the contracts for the purchases in this case; and in not one of those orders do we find a single expression of intent to bind the separate property; nor is there a particle of parol proof of such an intention, and if there were, it could not avail the respondent, for the reason that the written orders have been made the contract, and parol proof could not be allowed to vary or change the terms of that contract. *Yale* v. *Dederer*, 22 N. Y. 456. Upon the orders the plaintiff must stand or fall ; the fact that the husband was insolvent and the *defendant* had separate property does not alter the case in the least.

The question is, did the defendant *in* the contract *itself* express an intention to bind her separate property?

By the common law, the contracts of a married woman were void, and cannot be enforced against her; but in equity, a married woman might be charged, provided she had separate property, and expressed the intention in the *contract itself* to bind her separate property. *Yale* v. *Dederer*, 18 N. Y. 265; S. C., 22 id. 450; *Corn Exchange Ins. Co.* v. *Babcock*, 42 id. 613; *White* v. *Story*, 43 Barb. 124; *Manchester* v. *Sahlor*, 47 id. 155.

The statutes of 1848, 1849, 1860 and 1862 did not remove any of the common-law disabilities from married women, only so far as it relates to her separate property, trade or business. Her disabilities in reference to other contracts remain as it did prior to those statutes.

In the case at bar, the contract *was not* for the benefit of her separate property, trade or business; it was for goods purchased *for* and used in her husband's family, ordinary supplies, for which the husband *alone* is liable, unless there is a specific agreement, as in *Smith* v. *Allen*, 1 Lans. 105.

A married woman may not charge her separate property with liability from which it derives no benefit, without a written instrument *expressing* such intention. *Shorter* v. *Nelson*, 4 Lans. 114; *Ledlie* v. *Vrooman*, 41 Barb. 109; *Kelso* v. *Tabor*, 52 id. 125. A promise to pay expressed in the contract cannot, by any fiction, be construed as an *intent to pay out of any particular fund*, to wit, her separate property. *Yale* v. *Dederer*, 18 N. Y. 273. The orders being the contracts, the goods not being for her separate property, trade or business, and there being no intent expressed in the contract to charge her separate property, the defendant is not liable. *Yale* v. *Dederer*, 18 N. Y. 265.

A new trial is granted, with costs to abide the event.

The cause was retried in November, 1873, before the same referee, who rendered judgment in favor of defendant. From that judgment this appeal was taken.

*D. Magone, Jr.*, for appellant.

*Vary & Stone*, for respondents.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Baken v. Harder.

BOARDMAN, J. Upon a former appeal in this action from a judgment rendered in favor of the plaintiff, the judgment was reversed and a new trial granted, upon the ground that the plaintiff's claim was for the benefit and advantage of defendant's husband, and in no respect for the benefit of defendant's separate estate, and that defendant had not charged her separate estate with the payment of the debt. See opinion by DANFORTH, J., *supra*. That decision covers all the questions now before us upon this appeal, from a judgment rendered by the same referee, upon substantially the same evidence, unless later authorities satisfy us that such former decision was wrong.

I have examined, with some care, the cases cited, and find nothing inconsistent with such former opinion. In *Blanke* v. *Bryant*, MSS. opinion of GROVER, J., it was held that the contract was for the benefit of the defendant's separate estate. In *Maxon* v. *Scott*, 55 N. Y. 247, a married woman's parol contract, engaging board for herself and husband, promising to pay therefor, and charging her separate estate with such payment, was held to be valid and binding upon her. It differs from *Yale* v. *Dederer*, 18 N. Y. 265 ; S. C., 22 id. 450, in applying to parol contracts, founded on a good consideration, the same rule that is established in the latter case to written contracts.

In *Kelty* v. *Long*, 4 N. Y. Sup. 163, furniture bought by the wife, for a house owned by her, is held to be for the benefit of her separate estate, under the facts proved in that case, and the judgment rendered, upon the report of the referee, against the wife was sustained.

As these cases do not impair or conflict with the former decision of this court in this case, and as the facts upon which it is now presented to us appear to be substantially the same, the judgment must be affirmed, with costs.

JAMES, J., dissented.

*Judgment affirmed.*