Conlin agt. Cantrell.

---

## NEW YORK COMMON PLEAS.

Rose Conlin, plaintiff and respondent, agt. Mary A. Cantrell, defendant and appellant.

*Liability of a married woman for debts of her husband.*

The separate property of a married woman is liable for such debts of her husband as may be contracted by her as his agent for the support of herself or her children.

And where it appeared that for several years prior to the making of the contract she had lived separate and apart from her husband and supported herself and children by her own means, having a separate estate which she disclosed at the time of making the contract, *held,* that her separate estate was liable.

*General Term, November,* 1875.

*Before* Daly, *Ch. J.,* Loew *and* J. F. Daly, *JJ.*

Appeal by defendant from a judgment of the seventh district court of the city of New York in favor of the plaintiff.

*H. H. Morange,* for defendant, appellant.

*Hildreth & Shafer,* for plaintiff, respondent.

Loew, *J.*— This action was brought by the plaintiff, a seamstress, against the defendant, a married woman, to recover a balance of ninety-one dollars and fifty cents due her for work and labor performed in making up clothing for the defendant and her children.

The husband is undoubtedly bound to maintain and support his wife, notwithstanding that she may have a separate estate.

Conlin agt. Cantrell.

Nevertheless, in this case, the proof shows that defendant has never been supported by her husband and that for more than three years last past the parties have lived separate and apart from each other. The cause of this separation has not been disclosed. We are not, however, to assume that it was occasioned by reason of any guilt on either side, but rather that it resulted from some such cause as incompatibility of temper. Hence, as the defendant had no suitable allowance or maintenance secured to her by her husband, she was still authorized to act as his agent in so far as to make him liable for such things as were necessary and proper for her subsistence (*Emmet* agt. *Norton*, 8 *C. & P.*, 506). The case, therefore, comes directly within the plain and express provision of the statute which makes the separate property of a married woman liable for such debts of her husband as may be contracted by her as his agent for the support of herself or her children (*Laws* 1860, *chap.* 90, *sec.* 1).

We are of the opinion, moreover, that this judgment may be sustained upon yet another ground. The enabling acts (1848, 1849, 1860–1862) passed by the legislature of this state have not abridged or taken away any of the rights or powers of married women. Although under the statutes referred to the title of a *feme covert* to the real and personal property held by her is a legal one, nevertheless she may, in cases not within the provision of those acts, charge her separate estate with her debts and engagements as fully in all respects as she was authorized to do by the rules of equity previously existing in regard to such estates. In *Yale* agt. *Dederer* (18 *N. Y.*, 272) judge COMSTOCK expresses himself thus: "A married woman may, as incidental to the perfect right of property and power of disposition which she takes under this statute, charge her estate for the purposes and to the extent which the rule in equity has heretofore sanctioned in reference to separate estates." And in the *The Corn Exchange Ins. Co.* agt. *Babcock* (42 *N. Y.*, 641), EARL, Com., says: "Under these acts a married woman has an absolute

legal estate in her lands and other property, and it cannot well be claimed that she has less power to charge her estate in equity with her debts and obligations than she had to charge her equitable estate under the rules of law previously existing." To create such a charge, an instrument in writing is not, as has been generally supposed, requisite. A parol contract, if otherwise sufficient, will be equally efficacious. A writing is only necessary in order to acquire a specific lien upon real estate (*Maxon* agt. *Scott*, 55 *N. Y.*, 247). And whenever the separate property of a married woman has become charged with a debt or obligation, whether the charge be created by a written instrument or an oral contract, an action at law may be maintained against her, and if judgment be recovered it may be enforced by an execution against whatever individual property she may have at that time (*Laws of 1862, chap. 172, secs. 3, 7; Code, secs. 274, 287; The Corn Exchange Ins. Co.* agt. *Babcock, supra ; Maxon* agt. *Scott, supra*).

Now, before the statutes in reference to the rights and liabilities of married women were enacted, the separate estate of a married woman was chargeable in equity not only with the obligations she incurred and engagements she made for the benefit of the estate, but also for any debt she contracted for her own use or benefit *upon the faith or credit of such estate.*

In *North American Coal Company* agt. *Dyett* (7 *Paige,* 14), chancellor WALWORTH stated the rule to be as follows : " The *feme covert* is as to her separate estate considered as a *feme sole*, and may in person or by her legally authorized agent, bind such separate estate with the payment of debts contracted for the benefit of that estate, *or for her own bene-fit upon the credit of the separate estate.*" Again, in *Gardner* agt. *Gardner* (7 *id.*, 116), he says : " She (the wife) may have a separate estate of her own, which estate is chargeable in equity for *any* debt she may contract *on the credit of,* or for the use of such estate." And in the case of *Curtis* agt. *Engle*

(2 *Sand. Ch.*, 287), assistant vice-chancellor SANDFORD remarked: "In order to sustain their suit they must show that the debt was contracted *either* for the benefit of her separate estate *or for her own benefit, upon the credit of the separate estate.*" This rule is fully acknowledged and approved in *Ballin* agt. *Dillaye* (37 *N. Y.*, 35).

The case at bar falls within the rule thus established and asserted by the courts of equity and recognized by the court of last resort in this state. The uncontradicted testimony given on the part of the plaintiff, shows that before she commenced working for the defendant the latter informed her that she owned a house, which was left her by her father; that the plaintiff, relying on this information, gave the defendant credit; that the defendant paid about one-half of the original indebtedness, and when the plaintiff demanded the balance from her she promised to pay the same as soon as she received her rents. It thus results that the debt was contracted for the benefit of the defendant upon the faith or credit of her separate estate, which became charged therewith.

For these reasons the judgment appealed from should be affirmed, with costs.

DALY, Ch. J., and J. F. DALY, J., concurred.

This judgment was affirmed by the court of appeals February 15, 1876.