ROSE CONLIN, Respondent, *v.* MARY A. CANTRELL, Appellant.

In order to charge the separate estate of a married woman with a debt it is not necessary that there be a specific agreement to that effect. The intent may be inferred from the surrounding circumstances.

Defendant, a married woman, lived separate and apart from her husband. She had a separate estate and supported herself. Plaintiff did work as seamstress, under a contract with her, for herself and children. Defendant, before the work was done, informed plaintiff that she had a separate estate, and plaintiff testified she trusted her for that reason. Defendant promised to pay when she received her rents. In an action to recover for the work, *held*, that the evidence was sufficient to authorize a finding of an intent to charge defendant's separate estate and to sustain a judgment against her.

(Argued February 7, 1876; decided February 15, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiff of the Seventh District Court of the city of New York.

This action was for work and labor. The defence was coverture. Defendant was a married woman, but lived separate and apart from her husband. She had a separate estate and supported herself and her children with the rents and profits. Her husband did nothing for her support. Plaintiff was a seamstress and was employed by defendant to make dresses for her and her children. Before plaintiff went to work she was advised by defendant that she had a separate estate — that she owned the house — and plaintiff testified she trusted her because she thus learned that she had property. Defendant promised to pay when she got her rents.

At the close of the evidence defendant's counsel moved to dismiss the complaint, on the ground that, as defendant was a married woman, the action could not be maintained. The motion was denied.

*Henry H. Morange* for the appellant. The work done did not benefit defendant's separate estate and plaintiff could not recover for it. (*Second Nat. Bk. of Watkins* v. *Miller*, 1 N. Y. W. Dig. No. 23, p. 525.) An intention to charge her separate estate could not be inferred from defendant's promise to pay. (*Weir* v. *Groat*, 4 Hun, 193; *Man. B. and M. Co.* v. *Thompson*, 58 N. Y., 80; *Mason* v. *Scott*, 55 id., 251.) Defendant's husband was liable for necessaries furnished her, although she had a separate estate. (*Yale* v. *Dederer*, 18 N. Y., 276; 22 id., 450; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id., 613; 39 id., 248; 12 J. R., 248.)

*J. Homer Hildreth* for the respondent. Plaintiff was entitled to recover. (2 Story's Eq. Jur., §§ 1400, 1401, p. 626; 2 Roper on Hus. and Wife, chap. 21, § 3, pp. 243, 244, note; id., chap. 22, § 4, pp. 305–307; *Johnson* v. *Gallagher*, 7 Jur. [N. S.], 273; 1 W. & T. L. Cas. in Eq., 324; *Jacques* v. *M.*

*E. Church*, 17 J. R., 548; 10 Paige, 343; *Yale* v. *Dederer*, 18 N. Y., 272; *Ballin* v. *Dillaye*, 37 id., 35; *Gardner* v. *Gardner*, 7 Paige, 112; *Curtis* v. *Engle*, 2 Sandf., 287; *White* v. *McNett*, 33 N. Y., 371; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id., 645; *Southwick* v. *Southwick*, 9 Abb. [N. S.], 109; *Kelty* v. *Long*, 4 N. Y. S. C., 163; *Foster* v. *Conger*, 61 Barb., 145.) As defendant had no suitable allowance secured to her by her husband she had a right to act as his agent, as far as necessary, to charge her separate estate for necessaries for her and her children. (2 Story's Eq. Jur., § 1400, p. 622.) Defendant having voluntarily separated from her husband more than three years before this suit was commenced, she will be considered and treated as a *feme sole.* (*Rhea* v. *Rhenner*, 12 Wheat., 478; 1 Pet., 105; *Chapman* v. *Lemon*, 11 How., 235; 59 Barb., 375; 4 Metc., 478.)

MILLER, J. The defendant lived separate and apart from her husband. She had separate property of her own, and he did not support her. The contract of the plaintiff was made with her, and the work done was for herself and children.

She had informed the plaintiff that she had property of her own before the work was done, and the plaintiff swore she trusted her for that reason. After the debt was contracted she promised to pay it as soon as she got her rents, and the proof shows that she received rents on account of her separate property.

It is true the defendant did not agree specifically to charge her separate estate with the debt, but the surrounding circumstances are such as to lead to the inevitable inference that this was her intention. It may well be that a married woman, thus situated, might render herself liable, where the facts indicate, as was the case here, that she was living alone and separate from her husband, supporting an independent establishment, and maintaining herself and family without any regard to him. Although a rigid scrutiny should be exercised, to see that the rights of a married woman are not frittered away by drawing erroneous conclusions from the

circumstances surrounding her, there is sufficient evidence here to warrant the inference that she intended to, and actually did, charge her estate for the plaintiff's demand. The labor performed was directly for her benefit and the contract was with her alone.

As the case stood the judgment was fully justified, and as it is upheld by the decisions of the courts, it must be affirmed, with costs.

All concur.

Judgment affirmed.