CATHARINE L. EISENLORD, Appellant, *v.* MORGAN SNYDER et al., Executors, etc., Respondents.

In order to charge the separate estate of a married woman for services not rendered for the benefit of said estate, an agreement so to charge must be included in the original contract of hiring; an agreement by her to charge the value of past services upon her estate is insufficient.

(Argued September 24, 1877; decided October 2, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon the report of a referee.

This action was brought against defendants as executors of the will of Margaret A. Wagner, deceased, to recover for services alleged to have been rendered by plaintiff for the deceased.

The referee found substantially the following facts, among others :

The deceased was the second wife of Peter J. Wagner. The plaintiff was a relation of Wagner and of his first wife. After the marriage of Wagner to his second wife, which took place in January, 1839, the plaintiff, then about twelve years old, with the consent of her parents, went to live with him without any specific agreement as to terms. From that time till the death of the second wife, the plaintiff lived with them and was educated and boarded substantially as one of their children. During this time she rendered such services in the family as were suitable to her age and condition. On arriving at mature age, she assisted Mrs. Wagner in the care and management of household affairs. In 1858, Mr. Wagner failed. He transferred his house to Mrs. Wagner in in payment of a debt. Before he failed he had supported the family. Afterwards he contributed what he could, and Mrs. Wagner paid the rest. Mrs. Wagner during her life, and at the time of her death, was possessed of considerable

real and personal property. She never carried on business on her separate account, and never for herself or on her own account employed plaintiff or requested her to perform the services for which the action was brought. In 1849, the plaintiff expressed a wish to Mr. and Mrs. Wagner to know what was to be her reward for what she was doing in the family. They assured her she should be rewarded. A similar conversation was had in 1858. During the last sickness of Mrs. Wagner, in 1871, she expressed and declared to the plaintiff and her brother her intention to provide for the plaintiff by will. In December, 1871, Mrs. Wagner made a will by which she directed each of her four children to give a note of $250 to the plaintiff, "to be in full for her claims for past services." She died soon afterwards, and her debts, exclusive of plaintiff's claim, exceeded her real and personal estate.

The referee directed judgment dismissing the complaint, and judgment was entered accordingly.

*D. S. Morrel,* for appellant. Defendants' testatrix by her will charged her separate estate with the payment of plaintiff's services. (*Owens* v. *Dickinson,* 1 C. & P., 48; Story's Eq. Jur., §§ 1397, 1398 [note 1], 1400; *Conlin* v. *Cantrell,* 64 N. Y., 217.)

*S. W. Jackson,* for respondents. There was no agreement by defendants' testatrix sufficient to charge her separate estate with plaintiff's claim. (*Yale* v. *Dederer,* 22 N. Y., 456; *Corn Ex. Bk.* v. *Babcock,* 42 id., 642; *Baker* v. *Harder,* 6 N. Y. S. C. R., 440; *Weir* v. *Groat,* id., 444.)

RAPALLO, J. The defendants' testatrix was at the time of contracting the alleged debt a married woman. It was necessary to the maintenance of this action to establish not only that she agreed to pay the plaintiff for her services, but that such services were for the benefit of the separate estate of the testatrix, or that it was a part of the alleged contract for the services, that plaintiff's compensation should be a charge upon

such separate estate.   The referee has found adversely to the plaintiff on all these points.   He finds that the testatrix and her husband, while plaintiff was living in their family, did on two occasions, assure the plaintiff that she should be rewarded for what she was doing in the family, but that nothing was said in either of those conversations as to when or how she was to be rewarded or paid, and the testatrix did not intimate or promise that she would herself pay or reward the plaintiff therefor, nor that she would do so out of her own property or means.   That during her last illness the testatrix, in presence of plaintiff, expressed her intention to provide for the plaintiff in her will as a compensation for her services, and that she did in fact make a testamentary disposition· in her favor amounting to about $1,000, which was stated in the will to be in full of plaintiff's claim for past services, but that the real and personal estate of the testatrix proved insufficient to pay her debts.   The referee further finds that the testatrix never carried on any trade or business on her separate account. That she never for herself or on her own account employed or requested the plaintiff to perform any of the services in question, and never agreed to pay for such services out of her separate estate or otherwise, nor that she would charge the payment thereof upon her separate estate, except by will as above stated.

These findings clearly sustain the conclusion of the referee adverse to the right of the plaintiff to recover.   Assuming that the conversation about a testamentary disposition, or the provision of the will itself could be construed into an agreement to charge the value of the plaintiff's past services upon the separate estate of the testatrix, they still would be insufficient to effect that result within the rule laid down in *Yale* v. *Dederer* (22 N. Y., 456), which requires that the agreement to charge the separate estate be included in the original contract, out of which the indebtedness is claimed to arise. (See, also, *Manhattan B. & M. Co.* v. *Thompson*, 58 N. Y. 82 ; *Maxon* v. *Scott*, 55 N. Y., 247.)

We have examined the testimony with a view to ascertain

whether any of the findings of fact are so entirely unsupported by evidence that we can sustain the exceptions to them as errors of law, but have failed to find any of those exceptions well taken. The refusals to find according to the plaintiff's requests can only be sustained by showing that the facts requested to be found are conclusively established by the evidence and are material. Some of them are sustained by evidence, but we cannot hold that it is so conclusive as to authorize us to treat the refusals as errors of law. The referee had the power to judge of the credibility of the witnesses, and was not absolutely bound by their statements where they manifested bias or made contradictory statements. We cannot vary his findings or over rule his refusals, unless they are conclusively shown to be erroneous. The exceptions to the referee's rulings on questions of evidence were, we think, correctly disposed of at General Term.

The judgment must be affirmed.

All concur; except FOLGER, J., absent.

Judgment affirmed.