JOHN JOHNSTON and CHARLES JOHNSTON, Appel-
lants, *v.* CLARA M. PEUGNET, Respondent.

*Married woman — when her separate estate is not charged with the payment of goods purchased by her.*

The plaintiffs, dry good merchants, sold to the defendant, a married woman residing with and supported by her husband, goods which were used in the family, and on account of which her husband paid some $150. The defendant had a separate estate, and so informed the plaintiffs, who sold the goods relying thereon; after the sale she promised to pay therefor. The referee found that she did not charge her separate estate with the payment of the bill.

*Held,* that an action would not lie against her to recover the balance unpaid.

Appeal from a judgment in favor of the defendant, entered upon the report of a referee.

*John McKeon,* for the appellants.

*P. L. McClellan,* for the respondent.

Ingalls, J.:

This action was brought against the defendant to recover $605.88 and interest, for merchandise which the plaintiffs' claim they sold to the defendant, relying upon her separate property as security for payment. The defendant was at the time of the sale a married woman, residing with and being supported by her husband, and the goods so purchased were intended for and actually used in the family; and Eugene Peugnet, the husband, paid upon the account $150. The referee finds the following conclusions:

NEW YORK SUPREME COURT.

| John Johnston and Charles Johnston<br><br>*v.*<br><br>Clara M. Peugnet. | } *Referee's Report.* |
| --- | --- |

I, the undersigned, to whom this action was referred by an order of this court, to hear and determine, do report that I have

been attended by the parties and their counsel, and have heard the proofs and allegations presented, and having considered the same, do find the following facts :

First. That at divers times between the 26th day of May, A. D. 1874, and the 31st day of May, A. D. 1875, the plaintiffs, then co-partners, sold and delivered to the defendant merchandise, consisting of dry goods of the value and at the price in the aggregate of $755.88.

Second. At the time of said sale, the plaintiffs knew from statements of the defendant to them, that she had a separate estate, consisting of real estate left to her by her father, and gave credit to her for said merchandise for that reason.

Third. After the purchase of said merchandise the defendant promised to pay the indebtedness therefor to the plaintiffs.

Fourth. On or about the 13th day of September, 1876, Eugene Peugnet, the husband of defendant, paid to the plaintiffs, on account of said indebtedness for said merchandise, the sum of $150, which sum he had earned and received for his services as a physician.

Fifth. That at the time of the sale and delivery of said merchandise, and the incurring of said indebtedness, the said defendant was, and ever since has been, and now is, a married woman, being the wife of Eugene Peugnet, living with her said husband, who has provided for and taken care of said defendant and their children.

Sixth. The said defendant, since her marriage, has never been engaged in or carried on any trade, profession or business.

Seventh. The said defendant, at the time of the sale and delivery of said merchandise, had and now has a separate estate.

Eighth. The indebtedness incurred for said mercandise was not incurred or created for the benefit of said separate estate of said defendant.

Ninth. At time of the sale and delivery of said mercandise, and the incurring of said indebtedness therefor, the said defendant did not charge her separate estate with the payment of such indebtedness.

And I do find and report the following conclusions of law :

First. That the plaintiffs have not established and have not any cause of action against the defendant.

Second. That the defendant is entitled to judgment against the plaintiffs in this action, with costs.

All which is respectfully submitted.

Dated NEW YORK, *September* 4, 1878.

NATH'L B. HOXIE,

*Referee.*

Upon the trial the plaintiffs relied for a recovery upon the assumption that the defendant created a charge upon her separate property, as security for the payment of the price of the goods sold. The referee has decided, as matter of fact, that no such charge was created, and his decision should not be reversed, unless the facts show that the conclusion which he has drawn from the evidence is clearly erroneous. It is not sufficient for us to be satisfied that the defendant promised to pay for the goods, and that she made representations in regard to her separate property, and the rents which she expected to receive therefrom. All this may have influenced the plaintiffs in making the sale, yet it does not follow that a charge upon her separate estate has been thereby created. We are referred to the case of *Conlin* v. *Cantrell* (64 N. Y., 217), with apparent confidence, on the part of the appellants. Some of the features of that case are similar to those of the one we are considering; but others, which were mainly relied upon in deciding the case referred to, are found directly the reverse in this: In that case the wife lived separate and apart from her husband, and supported herself and children, and the work was done for her and the children, under a promise to pay therefor when rents were received from a separate estate; but in this case, as has been before remarked, the defendant lived with and was supported by her husband. Although a charge may be created by a married woman upon her separate estate without a writing (*Maxon* v. *Scott*, 55 N. Y., 247), yet the evidence should be very clear and explicit, showing an intention to create the same by parol, before it should be declared by the court. A married woman might talk very freely about her separate estate, and of her intention to see that a debt should be paid, yet not have the remotest idea that she was creating an incumbrance upon her separate property. In this case the referee, from all the facts and circumstances, has determined that no such charge was created,

and we think his conclusion is justified by the evidence, and should be sustained. (*Eisenlord* v. *Snyder*, 71 N. Y., 45; *Weir* v. *Groat*, 4 Hun, 193; *Baker* v. *Lamb*, 11 id., 520.)

We have examined the exceptions taken to the findings, and the refusals to find certain facts, and discover no error which could materially prejudice the plaintiffs' case.

The judgment should be affirmed, with costs.

Brady, P. J., concurred.

Present — Brady, P. J., and Ingalls, J.

Judgment affirmed, with costs.