ALBERT SALMON, APPELLANT, *v.* MARY McENANY, RESPONDENT.

*Married woman—when the evidence fails to show an intent to charge her separate estate—when she is not liable as having bought as the agent of her husband —1860, ch. 90, § 1.*

This action was brought to recover the price of meat sold by the plaintiff to the defendant, who lived with her family, consisting of her husband and ten children, and conducted the household affairs. The husband supported the family, and the wife carried on no separate trade or business, but was possessed of a separate estate liable to be charged with her debts. The plaintiff having refused to give further credit to the husband, said to the defendant that "if they wanted to run a bill he should charge it to her," to which the defendant replied, "you will not get cheated out of it, if you do; I will see you paid."

*Held,* that the defendant was not liable for the price of the meat, as the evidence failed to show an intent to charge her separate estate with the payment thereof.

That she could not be held liable, under section 1 of chapter 90 of 1860, as having purchased the meat as her husband's agent, for the support of herself and family, as the evidence showed that the sale was made to her and not to him.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury. The action was brought to recover a balance of an account for meat, vegetables, &c., claimed to have been sold by the plaintiff to the defendant.

*Waldo & Grover*, for the appellant.

*James W. Sheehy*, for the respondent.

BOCKES, J.:

The defendant lived with her husband and conducted the household affairs, at the time the meat was delivered, which was purchased for family use from time to time, and for which the defendant promised payment. The form of the promise will be hereafter given. The family consisted of the defendant, her husband, and ten children. The husband supported the family, the defendant, his wife, having charge of the household affairs. She carried on no trade or business on her own account; but it stands admitted by the pleadings that she was at the time the owner of separate property liable to be charged with her separate indebtedness. So circumstanced, and further credit to her husband being refused, the following colloquy occurred between the parties. The plaintiff said to her, "If they wanted to run a bill he should charge it to her;" the defendant replied, "You will not get cheated out of it if you do. I will see you paid." The learned judge before whom the case was tried without a jury, held that under this state of facts, the defendant, being a married woman, was not liable on her promise, and did not thereby charge her separate property, and directed a dismissal of the complaint.

The defendant could not be held liable, on the ground that she carried on a trade or business on her own separate account, for such was not the fact; nor on the ground that her promise related to or was for the benefit of her separate property or estate, because this fact was unproved. Then, does the evidence establish an intent on her part to charge her separate estate? It is not so expressed in the contract relied on. But this was held to be necessary in *Eisenlord* v. *Snyder* (71 N. Y., 45), where the contract did not hav

relation to the separate trade, business or estate of the wife. Such was also the ruling in *Weir* v. *Groat* (4 Hun, 193), on a state of facts quite similar to, but stronger for the plaintiff than is the present. (See also *Yale* v. *Dederer*, 22 N. Y., 450; *Manhattan B. & M. Co.* v. *Thompson*, 58 Id., 80.) Nor is the case brought within the decision in *Conlin* v. *Cantrell* (64 N. Y., 217), where it was held that the intent to charge the separate estate might be inferred from the surrounding circumstances. That case is quite different on the facts from this under consideration, and is not in point. There the defendant lived separate and apart from her husband, and supported herself. The contract was for her own personal benefit. She had a separate estate, and was trusted for that reason, on her promise to pay when she received her rents. Here the promise was not for her individual and personal benefit. She lived with her husband, who supported the family. The promise was, in fact, for his benefit. No reference was made to her separate property, nor does it appear that the plaintiff then knew that she had any separate property. The promise was simply that if the plaintiff would deliver the meat, she would see him paid. This was held, in *Weir* v. *Groat*, to be insufficient to charge her separate estate.

It is not deemed necessary here to discuss the question as to the legal import of the promise, " I will see that you are paid," as we are of the opinion that if the promise had been direct and unequivocal, " I will pay you," the plaintiff's case could not stand in law. (But on this point see *Brown* v. *Bradshaw*, 1 Duer, 199–201; *Rawson* v. *Springsteen*, 2 Sup'm. Ct. [T. & C.], 416; and *Payne* v. *Baldwin*, 14 Barb., 570, and cases there cited.)

It is suggested that the defendant should be held liable, on the ground that the purchase was of necessaries by the husband through the agency of the wife, under the decision in *Covert* v. *Hughes* (8 Hun, 305). The action was not brought on this theory, nor is a case made for its application on the facts. The defendant did not make the purchases or the promise to pay as an agent. The promise was her own and for herself. She must be bound by it as a promise for herself and in her own behalf, or not at all. In *Covert* v. *Hughes* the purchase of the goods was by the wife as the *agent of her husband.* Not so here. Credit to the husband was

refused, and delivery was made on the defendant's individual and personal promise. There is no ground here for a claim that the wife purchased as the agent of her husband. The proof negatives this hypothesis.

We are of the opinion that the judgment must be affirmed, with costs.

LEARNED, P. J., concurred.

Present—LEARNED, P. J., and BOCKES, J.

Judgment affirmed, with costs.