McAdam, C. J.
Independently of the statute of 1884 (chap. 381), enacted after the board bill herein was contracted (and on that account inapplicable to the present contention), a married woman might have contracted a board bill on her own credit and responsibility. In the present case the defendant, in order to establish his lien upon the plaintiff’s property, offered to prove that the plaintiff was the head of the family, was the guest in the defendant’s house, and the person who was trusted ; that she had money and credit and her husband none; and all this testimony was ruled oirt under exception. We think the testimony was competent and ought to have been admitted. If upon such evidence .the jury had found that the credit was given to the plaintiff, and not to her husband, the defendant, as a hotel-keeper, had the right to detain the plaintiff’s property until the board bill was paid, and was not liable to her in the present aciion of claim and delivery without proof of tender of the amount due and refusal to deliver after tender made. The case of McIlvaine agt. Hilton (7 Hun, 594) only applies where the wife is supported by the husband, and the credit is given to him.
We cannot imagine why a wife with credit cannot take her husband, who has none, to a hotel, and in order to procure board and shelter for her family arrange that she and not the impecunious husband shall pay the bills (Maxon agt. Scott, 55 N. Y., 247; Tiemeyer agt. Turnquist, 85 N. Y., 516). If this were not so, a wife, however wealthy, might find it difficult to find rooms in a hotel, simply because her husband was unfortunate enough to be impecunious. These observations are made simply to show that the rulings made at the trial might lead to the impracticable results suggested.
It follows, therefore, that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event, to the end that the proof excluded *521 may be admitted upon the new trial, and the question of fact whether the credit was given to the husband or wife submitted to the jury.
Nehkbas and Hyatt, JJ., concurred.