The plaintiffs, composing the firm of Bronner Brother, seek to recover in this action the amount of a bill of goods which they claim they sold to the defendant. The defendant, on the contrary, claims that the goods were sold to one Samuel Lowenstein.
Sechel Bronner, one of the plaintiffs, testified, without objection, that on the day the goods were sold to the defendant, he refused to sell the goods to said Lowenstein, and that Nathaniel C. Bishop had at that time told him not to trust said Lowenstein, because he was not responsible.
The said Bishop was then called as a witness on behalf of the plaintiffs, and was asked this question: "State whether you knew, when Lowenstein came there, any thing concerning his responsibility, and, if so, whether you made any communication on that subject to the plaintiffs." This was objected to by the counsel for the defendant, on the ground that the defendant was not shown to be present at the time. The court overruled the objection and allowed the question to be put, and the defendant's counsel excepted. This exception is now urged upon us as a ground for reversal of the judgment in the action. *Page 167 
It is to be observed, that the ground of the objection assumes an answer which the question did not call for. The witness was not asked what communication he did make to the plaintiffs on the subject of the defendant's responsibility. If the question had been of this character, then the objection would have had point and relevancy.
The question embraced two propositions: First, whether the witness knew any thing of the responsibility of Lowenstein when the latter came there to purchase the goods; and, second, if he did, whether he made any communication to the plaintiffs on that subject.
As to the first branch of the question, it is not perceived, nor is it now urged, that any sound objection exists to it. Many purposes suggest themselves why the plaintiffs might need to ascertain if the witness had any knowledge on this subject. The fact of such knowledge was legitimate, and if it had appeared from his answer that the witness had it, it would then have been competent to have inquired of him how he became possessed of that knowledge, and if from Lowenstein himself, it cannot be doubted that it would be competent to show that the same had been communicated to plaintiffs, and it was wholly immaterial whether they derived it directly from Lowenstein himself or mediately through the witness; and it was equally immaterial whether the defendant was present or absent when such knowledge came to them.
The issue made by the defendant upon the trial was that the goods were sold to Lowenstein, and not to himself. To this the plaintiffs replied that they did not sell to Lowenstein, as they refused to sell to him, as the witness Bishop had told them not to trust Lowenstein, because he was not responsible. This testimony greatly corroborated the statement of the plaintiffs, that they did not sell to Lowenstein, as it is not to be credited that they would sell to an irresponsible man. As such testimony had been given without objection, there could not be any good objection to the second branch of the question, even if it had gone to the extent of inquiring the nature of the communication made by Bishop to the plaintiffs on *Page 168 
the subject of Lowenstein's responsibility. The defendant had no concern with that communication, and he had no ground to insist that the plaintiffs could not ascertain the fact of Lowenstein's responsibility except in his presence. But the question did not call for the communication, but only the fact whether any communication on this subject was made by the witness. There could be no objection to such an inquiry, neither could the defendant object that the plaintiffs ascertained Lowenstein's irresponsibility when he was not present.
The claim of the plaintiffs in suit was assigned by them for the benefit of their creditors, and, they having made a settlement with their creditors, the same was re-assigned to them. While in the hands of their assignee, a brother of Samuel Lowenstein called upon a clerk of the assignee and purchased said claim, and gave in payment four notes of $189.82 each, at two, four, six and eight months. The clerk stated, at the time, he had no authority to make the arrangement, and the assignee, on being informed of it, repudiated the transaction. The clerk also testified that he never received the notes, never held the notes, and had never seen them; and the notes were returned by the person with whom they were deposited for the assignee.
One Fulda was the agent in procuring said purchase of said claim, and said notes were delivered to him for that purpose. He testified that all the notes were returned to him, and that he had them all before any of them became due. Samuel Lowenstein was then called as a witness for the defendant, and the following question was put to him in reference to one of the notes delivered to Fulda: "By whom was the note you saw in Rochester indorsed?" The question was objected to by the plaintiff's counsel, on the ground that the loss of the note was not proved, and it was not shown to be in plaintiff's possession. The objection was sustained and the question excluded, and the defendant's counsel excepted. The arrangement in regard to the notes having been canceled and they returned to the possession of Fulda, the agent of Lowenstein, it was wholly immaterial by whom *Page 169 
the note inquired of was indorsed. It was not important that this evidence was not objected to on the ground of its immateriality. Evidence offered in support of immaterial issues may be rejected on the trial, although not objected to by either party. (Corning v. Corning, 2 Seld. 97.)
The exception taken to the admission of the deposition de beneesse of Fulda, a witness on the part of the plaintiffs, is untenable, and was properly overruled.
It was proven that he (the witness) resided out of the State, and that inquiries had been made at the time of the trial at his usual places of stopping when in the State, and the result left a reasonable ground to infer that the witness was not at the time within the State. This preliminary proof fully met the requirements of the cases. (Donnell v. Walsh, 6 Bos. 621;Nixon v. Palmer, 10 Barb. 175.)
These are the only exceptions taken by the defendant, and upon which it is claimed that the judgment should be reversed. It has been seen upon examination that they cannot be sustained. The jury found a verdict for the plaintiffs, and judgment thereon was affirmed at the General Term of the Superior Court of New York.
The judgment must be affirmed with costs.