Monell, Ch. J.
I do not discover that this case can be taken out of the principle so firmly settled by Blake v. Ferris (5 N. Y. 48). The work was done under contract, and if there was any negligence, it was of the contractors, or of persons employed by them or some of them.
Therefore, the immediate employer of the servant *200 or agent, through whose negligence the injury occurred, is responsible.
The injury was caused by a brick falling from the building. It was dislodged and fell, or was propelled, by some agency, or through some negligence of the persons engaged in the construction of the building. Such persons were the servants of one or other of the contractors.
That there were several contractors, instead of one, is of no consequence. The rule is founded on the power which the superior has a right to exercise over his subordinates; and it is immaterial whether such power is given to one or more contractors. The subordinates are equally removed from the owner.
There was no proof whatever that the defendant exercised any control over the building, or over the workmen employed in its construction. He employed a superintendent, as he had a right to, to see that the work was properly done, and in accordance with the contract. But such employment gave him no control over the work, nor could it affect his liability (Kelly v. Mayor, 11 N. Y. 432).
A question was somewhat discussed in the opinion in Blake v. Ferris, that where an injury is caused by the negligence or misconduct of a person while transacting any business connected with the improvement, use or enjoyment of real property, the owner of the property is liable, whether the wrong-doer is the owner’s servant, or was executing an independent employment. And it is only upon some such principle, that this action could be maintained. The principle determined in City of Buffalo v. Holloway (7 N. Y. 493), and Storrs v. City of Syracuse (17 Id. 104), and Creed v. Hartman (29 Id. 591), was that any use of the sti’eet for private purposes, was a public nuisance; and the owner or person, who caused an excavation to be made in a public street, was liable, whether done *201 under contract or otherwise; provided the excavation was the direct and immediate cause of the injury.
But the question discussed in Blake v. Ferris, received no favor with the court, and was regarded as wholly unsound.
If there was, or could be any doubt, that the injury was caused in the manner already indicated, it might, with some force be urged, that an owner who causes the erection of a building, upon any of the crowded thoroughfares of the city, owed some duty to the persons who are lawfully using the public streets in front of such erections ; and should be required to place such barriers as would obstruct the passage, and serve as a notice of danger.
But the defendant made no use of the public street, and the injury proceeded from the building which was upon the defendant’s land. There is no connection whatever between the cause of the injury and any neglect of the owner to protect the sidewalk. A barrier or notice might have prevented casualty, but its absence did not cause it.
The complaint was properly dismissed.
The exception to the ruling excluding the declarations of the plaintiff made shortly after the accident, was well taken, and the exclusion of the evidence would have been error, if the testimony could have aided in fixing the defendant’s liability. Contemporaneous declarations of the nature and extent of the injury, in connection with other evidence, are admissible (Werely v. Persons, 28 N. Y. 344). But as the declaration related solely to the injury, and not to the cause of it, (for the latter purpose it would have been inadmissible) it could not have changed the result.
The exclusion of the deposition of Steele was proper. A sufficient foundation had not been laid. It was not shown (2 Rev. Stat. 392, § 7) that the attendance of the witness could no* be procured. The state *202 ment in the deposition that the witness resided out of the State, when it was taken, was not enough. Inquiry-should have been made at the time of the trial at his usual stopping place in the city (Bronner v. Frauenthal, 37 N. Y. 166). Besides the deposition, if read, would not have aided the plaintiff in avoiding the final result.
The judgment should be affirmed.
Speir, J.
On the trial it appeared that the building was all done under contracts made prior to the accident complained of, and that during the time the work was going on the defendant had no control over the premises.
The appellant contends that notwithstanding these contracts, the defendant retained and exercised control over the premises, and that the Justice erred in dismissing the complaint.
A man about to erect a building for himself, may, if he pleases, superintend and. manage the whole from its commencement to its completion, employ men, give directions to any part of the work which his men would be bound to follow, and thus make himself the master in fact of all the persons employed; but he is not bound to do so, and he may not know how to do it. He may, therefore, let out by contract the building of his house to some persons who will undertake to furnish all the material, and complete the building in a specified manner, and for a stipulated compensation. This last is what the defendant did by his five several contracts. These contracts in terms and in spirit do not constitute the contractors, the agents or servants of the owner, nor do they authorize them to pledge the responsibility of the owner for the conduct of servants, and render him liable for all the injuries to third persons which might be occasioned by their negligence or misconduct in doing any act in the construction of the building (Blake v. Ferris, 5 N. Y. 48 ; Pack v. Mayor, 8 Id. 22).
*203 Because the defendant’s attorney went to the building almost daily to see how the work was progressing, and to ascertain if it was being generally satisfactorily done, and as fast as was required by the contracts, therefore it is claimed that the defendant retained and" exercised control over the premises, and that the contractors were subordinate to that control. All this was provided for by the contracts, but it did not make the owner master of the contractors’ servants.
After the complaint had been dismissed by the learned judge on motion of defendant’s counsel, the plaintiff’s counsel asked the court to submit certain questions of fact to the jury, which was declined.
This application was too late after the complaint had been dismissed; even were it in time, there was nothing to-submit to the jury.
The judgment should be affirmed, with costs.