GERHARDT F. TIEMEYER, Respondent, v. LOUISA TURNQUIST, Appellant.

As incident to the right given to married women by the act of 1862 (Chap. 172), to acquire property by purchase, she may purchase property, either real or personal, upon credit, and is personally liable for the purchase-price as if she were a *feme sole;* and this although she had no separate estate at the time of the purchase, and without regard to the question as to the purpose for which the purchase was made.

Where, therefore, a married woman purchased upon her own credit groceries to be used in, and for the joint benefit of the whole family, including her husband, *held*, that she was personally liable.

*It seems* that when a married woman contracts such a debt as agent for her husband, she is not personally liable. The effect of the exception in the provision of the act of 1860 (§ 1, chap. 90, Laws of 1860), freeing the property of a married woman from the control of her husband, and making it her sole and separate estate, save as against debts contracted by her as the agent of her husband for the support of herself and her children, is simply to leave her property exposed to be taken for the debt so contracted as if the statute had not been passed, it does not make her personally liable for the debt.

As to whether a wife has a separate estate in a policy of insurance issued upon the life of her husband, payable to her in case she survive him, if not then to their children, *quære.*

The vendor of the goods assigned all the debts owing to him and his book accounts to plaintiff "to collect and settle if possible," the proceeds to "go" toward paying two debts, and the balance, if any, to the assignor's wife. *Held*, that this was not a general assignment for the benefit of creditors within the meaning of the act of 1860 (Chap. 348, Laws of 1860) and so was not void, although the formalities required by that act were not complied with; that no rights of creditors intervening the assignment was operative to transfer the claim against defendant and to enable plaintiff to maintain an action thereon.

Plaintiff was allowed to prove, under a general objection, a conversation between the vendor of the goods and the husband of defendant, in which the latter asked credit and the former refused it. *Held*, no error; that the evidence was competent; but in any event, as it was competent to prove the fact which the evidence tended to establish, *i. e.*, that the sale was to defendant, not to her husband, a general objection was not effectual to raise a question as to the manner of proof.

(Argued June 3, 1881 ; decided June 21, 1881.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York,

entered upon an order made April 5, 1880, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiff, as assignee of Henry F. Tiemeyer, to recover the amount of an account for grocercies alleged to have been sold by the assignor to defendant, a married woman.

The facts are sufficiently set forth in the opinion.

*S. B. Brownell* for appellant. The foundation of a judgment against a married woman is a separate estate or trade, and the power to charge the separate estate arises not from the nature and ownership of the estate, but from the enabling effect of the statute. (*Yale* v. *Dederer*, 18 N. Y. 265 ; 25 id. 45 ; 68 id. 329 ; *Manhattan Co.* v. *Thompson*, 58 id. 80, 82; *Frecking* v. *Rolland*, 53 id. 422 ; 35 Barb. 78 ; 36 N. Y. 600; 37 id. 35 ; 18 id. 255 ; *Maxon* v. *Scott*, 22 id. 450.) The policy in question was taken out under the statute of 1840 (Chap. 80), by the defendant's husband, for the benefit of his wife and children, and was not assignable, and therefore was not a separate estate within the meaning of the statute. (*Eadie* v. *Slimmon*, 26 N. Y. 17 ; *Barry* v. *Equitable L. Ins. Co.*, 59 id. 587 ; *Barry* v. *Brune*, 71 id. 261 ; *Wilson* v. *Lawrence*, 13 Hun, 235 ; affirmed in Ct. of Appeals; *Smillie* v. *Quinn, Receiver*, Special Term, Nov., 1879.)

*Thomas V. Cator* for respondent. Defendant could bind herself for the payment of the moneys which were due under the agreement alleged and found by the referee. (3 Cranch, 97.) The agreement made by defendant was binding and authorized by the very act of 1840, under which the insurance was effected, even though there were no other enabling acts relative to married women. (*Frecking* v. *Rolland*, 53 N. Y. 422–5 ; Hob. 346 ; Plowd. 109 ; 3 Co. 7 ; 1 Blackstone's Com., 60, note.) The fact whether the defendant's husband had been refused credit was competent, and the manner of proof was competent. (1 Phil. Ev., 732 marg p. [5th Am.

ed.]; *Smith* v. *Montgomery's Adminstrator*, 5 Monroe, 502–503; *Respublica* v. *Henice* [Supr. Ct., Penn.], 3 Wheeler's Cr. Cas. 505–8; *Reels* v. *Knight*, 8 Mart. Law [N. S.], 267; *Rietenback* v. *Rietenback*, 1 Rawle, 362; *Dwight* v. *Brown*, 9 Conn. 83–88; *Gerish* v. *Charities*, 1 C. B. 13; *Browner* v. *Frawenthal*, 9 Bosw. 350; affirmed, 37 N. Y. 166; *Stowell* v. *Hazlett*, 66 id. 635; *Cushman* v. *U. S. L. Ins. Co.*, 70 id. 72.) The book of accounts was properly admitted, all the legal prerequisites having been proved. ( *Vosburg* v. *Thayer*, 12 Johns. 461; Swift's Ev. 83; *Dwight* v. *Brown*, 9 Conn. 93; *Prince, Admr.*, v. *Smith*, 4 Mass. 455, 458; *McBride* v. *Watts*, 1 McCord, 384; *Dodge* v. *Morse*, 3 N. H. 232; *Beach* v. *Mills*, 5 Conn. 496; 3 U. S. Intelligencer, 187; 2 Wheaton's note to pp. 117–118.)

FINCH, J. The decision of the General Term, affirming the judgment entered upon the report of the referee, cannot be sustained, upon the ground on which it was rendered. It assumes as a fact that the purchase of family groceries, to recover the price of which the action was brought, was made by the wife, who is the defendant here, as the agent of her husband, and for the support and use of the family. It then decides that, by force of section 1 of the act of 1860, relating to the rights of married women, the property of the wife was made liable for the debt thus contracted; and such liability could be enforced by a personal action against her, ending in judgment and execution. This view of the case is erroneous, both as to the facts and as to the law. The referee found explicitly that the contract of purchase was made by the wife, on her own account and her own credit, and refused to find that she purchased as the agent of her husband. But, if that fact had been found, the legal conclusion asserted would not have followed. The section of the act of 1860 relied on has no reference to, and makes no provision for, the liability of the wife in a personal action. Its plain scope and purpose is to free her property from the control of her husband, and the burden of his debts, and make it her sole and separate estate.

This is done with a single exception, and that is, as against debts contracted by her as the agent of her husband for the support of herself and her children.

As to such debts, the rule of a separate estate does not apply. In that case, her property is left exposed to be taken for the debt of her husband, as if the statute had not been passed. But she is not made personally liable for the debt, for it is not hers, but the debt of the husband. It is not her contract, but his. She acts as his agent and binds him, not herself. The sole effect of the provision is, not to make her personally liable for her husband's debt, for not a word of such grave import is contained in the statute; but merely that the shield and protection thrown over her property against the debts of her husband shall be withdrawn in a case where his debt has been contracted, his liability incurred, through her acting as his agent, and for the purpose of providing for her own support and that of the children. Unless, therefore, we can find some other ground of liability, the judgment cannot be sustained, for upon the facts and the law referred to by the General Term the wife was not liable at all, and judgment should not have gone against her.

The facts found by the referee were, in substance, the following: The wife was not engaged in any trade or business, and had no separate estate, except only her interest in a policy of insurance upon the life of her husband, taken out under the act of 1840, and payable, upon his death, to her if she survived him, but, if not, then to their children, of whom there were several. The husband applied to the assignor of the plaintiff for credit in the purchase of supplies for the family, but was refused because he was irresponsible and out of work. In the emergency the wife intervened, and bought upon her credit, promising explicitly, to induce the sale to her, that she would pay the debt out of the proceeds of the policy of insurance when it should mature and be paid to her. By this means she obtained credit, the property was sold and delivered to her, and she used it, as she all the time intended, for the food and comfort of the family, including the husband. These findings

are not without evidence, and are conclusive upon this appeal, though the controversy upon the question to whom and upon whose credit the goods were sold was severe and close.

Upon this state of facts it was argued in behalf of the plaintiff that the wife who made the contract of purchase had a separate estate, which consisted of her interest in the policy of insurance upon her husband's life, and expressly charged that separate estate with the payment of her debt to plaintiff; that although that interest was contingent and depended upon her survival of her husband, it was nevertheless property, something of value, peculiarly and separately hers, and capable, but for statutory enactments, of being by her assigned and transferred; and, therefore, being possessed of a separate estate, and having expressly charged upon it the obligation sued upon, she became personally liable for the debt. (*Manhattan B. & M. Co.* v. *Thompson,* 58 N. Y. 80.)

It was contended, on the other side, that the interest of the wife in the policy of insurance was not, in any just sense, her separate estate; that by its very terms, and its inherent and essential character, it was not to be realized or transmuted into actual property until after the death of the husband, and when the question of a separate estate would have disappeared; that it was wholly contingent upon her life, and in case of her death before its maturity would go to her children, entirely unaffected by any act or contract of hers; that, even if it could be deemed a separate estate, it was not charged with the debt in question, because it could not be; that the policy was issued under the act of 1840, and was not assignable (*Eadie* v. *Slimmon,* 26 N. Y. 17; *Barry* v. *Equitable Life Ass. Soc.,* 59 id. 587; *Wilson* v. *Lawrence,* 76 id. 585); that under the amendment of 1879 it is only assignable with the written consent of her husband; that the wife cannot traffic with it or anticipate its proceeds, but it must be kept intact as a provision for widowhood; and that the rule of the statute and of the courts, making it non-assignable and seeking to preserve it, becomes useless and a nullity if the wife may, in the life-time of her

husband, contract debts upon its faith, and so anticipate and absorb its proceeds.

The questions thus raised are interesting, and calculated to produce sincere debate. It does not, however, seem to us necessary to decide them, since we are of opinion that the defendant is liable upon her contract, irrespective of her interest in the policy of insurance, and disregarding that entirely, and upon a ground differing both from that of the General Term and that of the referee. The latter states a true ground of liability, but sustains it in the end by a reference to the policy of insurance as constituting a separate estate in the wife. It has been long settled that a married woman is liable upon her contract when its consideration goes to the benefit of her separate estate. Resting upon that rule, the referee argues that the groceries bought of defendant enabled the husband to pay the premiums on the policy of insurance, and so served for its protection and went to its benefit. The facts were found in accordance with this theory, which, however, seems to us not beyond possible criticism, and requires for its support a direct adjudication that the policy of insurance constitutes a separate estate in the wife. We need not affirm or deny the proposition involved, since the view we take of the case is wholly independent of the doctrine stated by the referee.

We have held that where a married woman buys real estate she is liable for the purchase-money, although at the time of the purchase she had no separate estate, save that only acquired by her contract, and although she did not in terms charge the debt upon her separate property. (*Cashman v. Henry*, 75 N. Y. 103.) We determined that, as incident to her right to acquire real and personal property, and hold it to her sole and separate use, she might purchase upon credit, and would be liable upon her contract as a *feme sole*. The amendment of 1862 allows a married woman to hold as her separate property that which she acquires by purchase as well as that obtained in the modes previously permitted. Out of this right to purchase inevitably flows her liability for the price. That right was broadly given without limit or restric-

tion, and intended to be completely and beneficially given. It was not narrowed to a purchase for cash, or a consideration paid down in full, but she was left at liberty to purchase as freely as a man might purchase, and upon credit if she should so choose. That involves her personal liability. Without that, credit is impossible. Without that, we should be held to the absurd proposition that the wife might buy, but should not be bound to pay ; and, as a practical consequence, we should restrict her right to purchase, which the statute gives fully and without restriction. In this view of the case it matters not what kind of property is purchased, or with what purpose or intent it is obtained. In the present case the property bought was family groceries, intended to be consumed for the joint benefit of the whole family, and not to be held for the sole and separate use of the wife alone. That fact seems to us unimportant. If she buys on her own account she must expect to be herself liable for the price. No law prescribes or limits the kind or character of property which she may acquire, nor does it dictate what she shall do with it when it becomes her own. If it was money or land she might consume it in the support of her family, and it is none the less her separate property because she chooses not to hold it as such, but consumes it for the benefit of others, as well as herself. It is enough that it is hers ; hers to keep or give away, or sell, or consume in the support of her family. It may now be stated broadly, as a rule both of law and justice, that the married woman who buys property which becomes her own is liable for the purchase-price. She who buys must expect to pay.

Some objections taken along the line of the trial remain to be considered. One of them respected the assignment of the cause of action to the plaintiff. It purported to transfer all the assignor's books, debts and book accounts to the plaintiff, "to collect and settle if possible," the proceeds to "go first" toward paying two small debts named, and the balance, if any, to go to the assignor's wife. It is alleged that this was in substance and effect a general assignment, and was void for want of the formalities required by statute. We do not so regard

it. It does not profess to transfer all the assignor's property, nor to provide for all his debts, but only to transfer a part for a specified purpose. While certainly not good as a general assignment it is nevertheless operative as between the parties, no rights of creditors intervening, to transfer the claim against the defendant to the plaintiff, and enable him to maintain this action.

The plaintiff was allowed to prove a conversation between the husband of defendant and the vendor of the goods sued for, in which the former asked credit and the latter refused it. Apparently, this occurred in the absence of defendant. The evidence was objected to, but no ground of objection was stated. The fact sought to be proved bore upon the issue as to who was the purchaser of the groceries. That, at about the time of the sale, the defendant refused to sell to the husband, tends to make more probable the allegation that the sale was to the wife. We have held such evidence in a similar case to be admissible (*Bronner* v. *Frauenthal*, 37 N. Y. 166), but in any event the general objection is not effective to raise a question over the mode and manner of the proof.

The further exception to the referee's finding, that the amount of defendant's debt was applied by her toward the payment of premiums, as being unsupported by any evidence and inconsistent with the referee's further finding, is totally immaterial in the view we have taken of the case. It, in no respect, affects the result.

The judgment should be affirmed, with costs.

All concur, except FOLGER, Ch. J., absent; RAPALLO, J., concurring in result.

Judgment affirmed.