# N. Y. COMMON PLEAS.

JAMES REILLY, administrator, &c., agt. MARY AMELIA ROACHE.

*Husband and wife — Debt contracted by the wife as agent for her husband for the support of herself and her children — How collected — Proceedings must be against husband — Wife's property liable.*

Where a wife, as the agent of her husband, contracts an indebtedness for the support of herself and her children, she is not personally liable for the debt; and where payment is sought from her separate estate the proceedings to recover for such indebtedness must be against the husband; and in those proceedings the wife's property must be devoted to the payment of the judgment against the husband.

*Special Term, October, 1882.*

VAN BRUNT, *J.* — The complaint in this action alleges, among other things, that the defendant, as the agent of her husband, Walter Roache, bought certain goods, wares and merchandise of the intestate, of whom the plaintiff is the administrator, which indebtedness was contracted by the said defendant for the support of herself and her children. The complaint further alleges that the defendant, at the time of said purchase, was possessed of certain interests in certain real estate, and prays judgment that the payment of the amount of said purchase may be made a lien and charge upon all the right, title and interest of the defendant in the said real estate.

The defendant demurs to said complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

That such an action cannot be maintained seems to be established by the decision of the court of appeals in the case of *Tiemeyer* agt. *Turnquist* (85 *N. Y.*, 516). The learned judge in writing the opinion of the court in that case uses the following language :

" The section of the act of 1860 relied on has no reference

to and makes no provision for the liability of the wife in a personal action. Its plain scope and purpose is to free her property from the control of her husband and the burden of his debts and make it her sole and separate estate. This is done with a single exception, and that is as against debts contracted by her as the agent of her husband for the support of herself and her children. As to such debts the rule of a separate estate does not apply. In that case her property is left exposed to be taken for the debt of her husband as if the statute had not been passed. But she is not made personally liable for the debt, for it is not hers but the debt of the husband. It is not her contract but his. She acts as his agent and binds him not herself. The sole effect of the provision is not to make her personally liable for her husband's debt, for not a word of such grave import is contained in the statute, but merely that the shield and protection thrown over her property against the debts of her husband shall be withdrawn in a case where his debt has been contracted, his liability incurred, through her acting as his agent, and for the purpose of providing for her own support and that of the children."

Which seems to be decisive of the point involved in this demurrer.

It is clear, if the question was an original one, that the section of the act of 1860 referred to does not create any indebtedness upon the part of the wife. It simply limits the shield which is thrown around her property, and which was intended to protect it from the debts of her husband, and the wife's property must be reached now in precisely the same way it would have been reached for the payment of the debts of her husband prior to the married woman's acts of 1848, 1849 and 1860. The proceedings must be against the husband; and in those proceedings the wife's property must be devoted to the payment of the judgment obtained against the husband for the debt contracted in the name of the husband by the wife as his agent.

It seems to me that the demurrer is well taken, and that

the action against the wife in the first instance cannot be maintained.

It is not necessary to exhaust the plaintiff's remedy against the husband before proceeding against the wife's property; but the wife's property cannot be proceeded against independently of a suit and judgment obtained against the husband.

Demurrer sustained, with costs.