The sum of $75 is allowed for the services of counsel to the freeholder.

NOTE.—See another proceeding in this matter, ante, p. 157.

------

NEW YORK COUNTY.—HON. RASTUS S. RANSOM, SURROGATE.—January, 1889.

MATTER OF SHIPMAN.

*In the matter of the judicial settlement of the account of* EDGAR J. SHIPMAN, *executor of the will of* HARRIET C. SHIPMAN, *deceased.*

In the absence of a special agreement on the part of a married woman to pay for medical services rendered to her, her husband and not herself is liable therefor; and in the event of her death the compensation of the physician is a debt of her husband and not of her estate.

SETTLEMENT of the account of an executor upon exceptions filed thereto.

The facts appear in the opinion of the Surrogate.

LEWIS L. DELAFIELD, *for the executor.*

MEYER BUTZELL, *for special guardian.*

THE SURROGATE.—This matter was on the calendar on Oct. 18, 1888, for the purpose of hearing argument upon the exceptions interposed by the special guardian to the account of the executor.   One of the exceptions raised was to the payment by the executor of a certain claim of a physician for services rendered to the deceased in her last illness.   The Surrogate directed that testimony be taken before an assistant as to an alleged contractual relation between the deceased and the physician.   An order of reference was entered upon that direction, and the whole matter now comes up for determination.

The objection raised by the special guardian presents this question: The decedent engaged a physician during her last illness, and the executor (her husband) paid the bill.   The guardian claims that this payment out of the funds of the estate, was improper and that the husband is liable for the debt.

The testimony shows that it was not customary among physicians in good standing when called to attend patients whose social position is known, to make any definite arrangements with reference to the payment of compensation, and nothing was said by the deceased as to the compensation.   The law is that, in the absence of any special agreement on the part of the wife to pay, the husband is liable; and the Married Women's Acts have not changed this rule of the com-

mon law. Kegney v. Ovens, 2 *N. Y. Supp.* 319; 18 *St. Rep.* 482; Freeman v. Coit, 27 *Hun* 447.

The cases cited by counsel for the executor in support of his contention are clearly distinguishable from the case at bar. In the case of Baker v. Burris, 16 *Week. Dig.* 270, the married woman who was held liable, contracted in writing with the plaintiff to do the work, and subsequently acquired title to the property on which the work was done.

In Tiemeyer v. Turnquist, 85 *N. Y.* 516, the contract of purchase was made by the wife on her own account and on her own credit, after credit had been refused to her husband, and she promised explicitly to pay the debt as an inducement to make the sale.

In the report of the case of Muller v. Platt, 31 *Hun* 121, the facts stated are too meagre for the purpose of comparison and criticism.

In Conlin v. Cantrell, 64 *N. Y.* 217, there was also an express promise on the part of the defendant to pay the debt out of her separate property, viz., the rents.

It will be thus seen that in all these cases there was either an express promise by the wife, or facts of equivalent significance.

The objection is sustained.