## STRONG *v.* MOUL.

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

1. PRINCIPAL AND AGENT—PROOF OF AGENCY—HUSBAND AND WIFE.

In an action to charge a married woman for meat used by her family, plaintiff gave evidence that defendant had said that the meat should be charged to her; that it was so charged; and that afterwards defendant made payments on the account. Defendant denied this, and testified that the account which had commenced several years before was continued on her husband's credit. *Held*, that a finding of the referee that the wife had acted simply as the agent of her husband in making the purchases would not be disturbed.

2. HUSBAND AND WIFE—PERSONAL LIABILITY OF WIFE—AGENT FOR HUSBAND.

Under Laws N. Y. 1860, c. 90, § 1, which provides that the property of a married woman shall not be liable for the debts of her husband, "except such debts as may have

been contracted for the support of herself or her children, by her, as his agent," a married woman who purchases household supplies as the agent of her husband is not personally liable therefor.

3. SAME—PROOF OF AGENCY.
   In such case, where action is brought against the wife for household supplies purchased by her, a conversation between the defendant and her husband is admissible for the purpose of showing such agency.

4. APPEAL—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
   Error in excluding evidence is cured where such evidence is afterwards admitted.

Appeal from judgment on report of referee.

Action by William H. Strong against Annie M. Moul to charge defendant, a married woman, with the value of certain meats delivered to her, and consumed by her family. The plaintiff contended that such meats had been purchased by defendant on her own credit, while she contended that she had acted merely as the agent of her husband in making the purchase. Henry F. Wolf testified that he had sold groceries to the defendant on her own credit. Laws N. Y. 1860, c. 90, § 1, provides that the property of a married woman shall not be liable for the debts of her husband, except such debts as may have been contracted for the support of herself or her children, by her, as his agent. The following is that portion of the referee's opinion with regard to the liability of the wife under such section: "The question presented is, can the plaintiff, under this proof, recover of the defendant in this action? Having felt constrained to find as matter of fact that the purchases were made by the defendant as the agent of her husband, it follows, in the doctrine laid down in *Tiemeyer* v. *Turnquist*, 85 N. Y. 516, that the plaintiff is not entitled to recover in this action. In that case, the court of appeals said that section 1 of the act of 1860 'has no reference to, and makes no provision for, the liability of the wife in a personal action. Its plain scope and purpose is to free her property from the control of her husband, and the burden of his debts, and make it her sole and separate estate. This is done with a single exception, and that is as against debts contracted by her, as the agent of her husband, for the support of herself and her children. As to such debts the rule of a separate estate does not apply. In that case, her property is left exposed to be taken for the debt of her husband, as if the statute had not been passed. But she is not made personally liable for the debt; for it is not hers, but the debt of the husband. It is not her contract, but his. She acts as his agent, and binds him, not herself. The sole effect of the provision is, not to make her personally liable for her husband's debt, for not a word of such grave import is contained in the statute; but merely that the shield and protection thrown over her property against the debts of her husband shall be withdrawn in a case where his debt has been contracted, his liability incurred, through her acting as his agent, and for the purpose of providing for her own support and that of the children.' It is true that the court, in the case cited, affirmed the judgment, and so held that the defendant, a married woman, was liable for groceries purchased by her for use and consumption by her family, including her husband, but the affirmance is placed on the distinct ground, found by the referee, that the wife sought to purchase upon her individual credit, and, in order to induce the sale, expressly promised to pay the debt, etc., her intention to assume the liability being emphasized by the facts, also found by the referee, that credit had been refused to the husband on the ground that he was irresponsible, and out of work, and that in this emergency the wife intervened, and purchased on her own credit. No such facts appear in the case at bar. On the contrary, the facts seem to be quite ordinary and commonplace, and, to hold the defendant personally liable thereunder, would, in effect, be to enunciate the general proposition that married women purchasing household necessaries, in the ordinary course, for the use of their husband's households, are in the first instance personally liable for the price. I

do not understand such to be the law." From a judgment dismissing the complaint the plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles J. Kurth,* for appellant.   *H. R. Pool,* for respondent.

BARNARD, P. J. The sole question before the referee was whether the goods in question were sold by the plaintiff to the defendant. The evidence showed that the defendant was a married woman, living with her husband and children. That the claim was for meat used in the family from May, 1885, to August, 1886. Ordinarily the presumption of the law is that the husband is responsible for all articles needed to support his family. To rebut this the plaintiff provided evidence that in May, 1885, his clerk asked the defendant to whom the goods were to be charged, and she replied, to herself, and that they were subsequently furnished and so charged. The plaintiff furnished further proof to the effect that the defendant had made payments on the account, and had promised to pay it. The defendant was sworn in her own behalf, and she denied both allegations. It appears that the account commenced in 1882, and she says it was continued without change on her husband's credit, and that he made all payments, and that she neither made nor promised payment. The finding of the referee cannot be disturbed. The fact that the account commenced in 1882 is of great weight. There is no reason why, in 1885, a change should be made, as the defendant's husband failed as late as March, 1886. The judgment should therefore be affirmed, with costs.

PRATT, J. As the evidence reads in this case, a decision in favor of the plaintiff would have been more satisfactory to us, but the referee had the opportunity to see the witnesses, and hear them testify, and could judge better of their credibility than an appellate court. The only ground upon which the decision can be attacked is that the weight of evidence is against the findings of the referee, and we cannot say the evidence is so clearly preponderating in favor of the plaintiff as to warrant a reversal of the judgment. It was incumbent upon the plaintiff to prove that the minds of the parties met upon the question of the purchase being made by, and the credit given to, the defendant. The referee was clearly right in the law which he applied to the case. If the defendant purchased the meats as agent for her husband, she could not be held personally liable, but if she bought them herself, and obtained the credit therefor, she would be liable, although she was married, and the goods were used for the family. *Tiemeyer* v. *Turnquist,* 85 N. Y. 516. The exception to the questions calling for a conversation between the defendant and her husband is untenable, as it was proper proof of agency. The exception to the question as to who sold the defendant groceries was cured by the proof afterwards put in by the plaintiff from the witness Wolf. Assuming the referee believed the testimony of the defendant, the evidence is sufficient to sustain the judgment, and the same is affirmed.

DYKMAN, J., dissents.