### TRAVIS *v.* LEE.

*(Supreme Court, General Term, Third Department.* November 26, 1890.)

HUSBAND AND WIFE—LIABILITY OF WIFE—BOARD FURNISHED.

In an action against a married woman for board furnished herself and husband, there was evidence that the contract for the board was made by the husband, and that, after the board bill was in arrears, defendant stated to plaintiff that she would pay it or see it paid, and that plaintiff should have his pay when her house and lot were sold. The husband paid the amount then in arrears, and plaintiff continued to board them, as he testified, on the credit of defendant, but he admitted there was no further contract. *Held,* that defendant was not liable.

Appeal from Essex county court.

Action by William R. Travis against Julia A. Lee for board and lodging furnished to defendant and her husband. Defendant appeals from a judgment affirming a judgment of a justice of the peace, in favor of the plaintiff.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*F. A. Rowe,* for appellant.    *A. W. Boynton,* for respondent.

LANDON, J. The judgment is contrary to the evidence. The defendant was the wife of George Lee. He was in business. She was not. Plaintiff kept an hotel. March 1, 1886, Lee and wife commenced boarding with the plaintiff in pursuance of a contract made by Mr. Lee with the plaintiff. Plaintiff never made any contract with the defendant, Mrs. Lee, to board her or her husband. Her husband never acted or claimed to act as her agent in engaging board for her. Mr. Lee paid in part but not in full. In May, 1886, the board bill being in arrears, plaintiff's wife told Mr. Lee he would have to look up another boarding place. Soon after, the defendant told plaintiff's wife that "we [plaintiff] had waited a long time for our pay, and she would pay it or see that it was paid; that we expected our pay, and she would pay it." The plaintiff also saw defendant, and she said to him that "I should have my pay when her house and lot was sold." Mr. Lee soon after gave the plaintiff his note for $91, the amount then due, and at plaintiff's request the defendant signed it. Mr. Lee paid this note. Plaintiff continued to board the defendant and her husband. The husband made some further payments. The defendant made none. The plaintiff testified that this further boarding was made upon the credit of the defendant, but he admits that there was no further contract to that effect. The wife's liability is measured in such cases by her agreement. We do not think that it was shown that any of the board for which recovery is sought was furnished upon the defendant's agreement to pay for it. Judgment of the county court and of the justice reversed with costs. All concur.