84h  199
j 73 AD¹ 68

LIZZIE BYRNES, Appellant, v. ROBERT RAYNER, Respondent.

*Married woman — contract made by her for her own and her husband's support — liability of the husband thereunder.*

When a married woman, availing herself of the powers and privileges conferred upon her by chapter 381 of the Laws of 1884, makes express contracts in her own name for her necessary support, she will not be deemed to have acted as agent for her husband in procuring such support, nor is there any implied agreement on the part of her husband to pay for such necessaries.

Where a person makes an express contract with a married woman for the joint support of herself and husband, if the wife is the sole contracting party, and the credit is given to her alone, and she is in all respects competent to make a valid contract and bind herself, such person will not be permitted to shift the liability upon the husband, who is not a party to the contract, upon the failure of the wife to pay the amount due thereunder.

In the absence of any contract with a wife, the common-law liability of the husband for the suitable support of his wife still remains and such liability continues, unless there is an express contract between the wife and the person furnishing the articles necessary for her suitable support.

APPEAL by the plaintiff, Lizzie Byrnes, from a judgment of the County Court of Saratoga county in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 10th day of July, 1894, upon the decision of the court reversing the judgment of a justice of the peace of the town of Saratoga Springs, Saratoga county, with notice of an intention to bring up for review upon such appeal said judgment and order of reversal.

*Charles H. Tefft*, for the appellant.

*Nash Rockwood*, for the respondent.

MAYHAM, P. J.:

The defendant's wife, a married woman, contracted with the plaintiff to board herself and husband and keep her horse at a stipulated price per week.

Under such agreement, the plaintiff furnished board to the defendant and wife and kept the horse of the latter, and an indebtedness therefor accrued to the plaintiff.

The plaintiff rendered a bill to the defendant's wife in her name for a portion of such board and horsekeeping, which was paid by

her. To recover for an unpaid balance arising under the agreement, this action was brought against the defendant, the husband of the contracting party, in which a recovery was had before a justice of the peace, and, on an appeal to the County Court, the judgment was reversed, from which judgment of reversal the plaintiff appeals to this court. The only question on this appeal is, whether the common-law liability of the husband to support his wife making him liable on the express contracts of his wife, for their joint support, remains when she is the sole contracting party and the credit is given to her.

By chapter 381 of the Laws of 1884 all disabilities of married women to make valid contracts were removed, and a married woman was invested with all the powers of a *feme sole* to make contracts and bind herself thereby.

When, therefore, she avails herself of the powers and privileges conferred by that statute, by making an express contract in her own name, even for her necessary support, she will no longer be deemed as acting as agent for her husband in procuring such support, nor will there be any implied agreement on his part, as exists at common law, to pay for such necessaries. The plaintiff, by contracting with defendant's wife, who was in all respects competent to make a valid contract and bind herself, and upon whom the plaintiff, by her contract, relied for payment, cannot, we think, be permitted to shift the liability upon the husband, who is in no sense a party to the contract.

In the absence of any contract with the wife, the common-law liability of the husband for her suitable support still remains (*Strong* v. *Moul*, 22 N. Y. St. Repr. 762), and that liability continues unless there is an express contract with the wife.

But when the contract is primarily with the wife, and credit is given to her by the plaintiff, he cannot now ignore that contract and shift the liability to the husband.

In *Travis* v. *Lee* (34 N. Y. St. Repr. 233) the liability of the husband for necessaries furnished for his family was put upon the express ground that the board was not furnished upon the agreement of the wife nor was the credit given to her.

I have found no case since the act of 1884 where the husband was held liable under his common-law obligation, when the contract

for necessaries was made by express agreement of the wife and the credit was given to her. In *Maxon* v. *Scott* (55 N. Y. 247), which was decided before the act of 1884, the court held that a wife was liable upon her express contract for the board of herself and husband, but her contract at that time had reference to and charged her separate estate. That restriction was entirely removed by chapter 381 of the Laws of 1884.

That act seems so completely to habilitate the wife with power to contract as a single female, that it would seem a violation of its terms to hold the husband, any more than a stranger, liable upon her contract.

We think the judgment of the County Court correct, and that it should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.