DAISY B. MILLER, Respondent, *v.* JOHN E. RICHARDSON, as Executor, etc., of LUCY SCHRYVER, Deceased, Appellant.

*Married woman — her separate estate charged for services agreed to be compensated for in her will — opinion of a witness as to the value of services as described in the testimony of another witness.*

A married woman may, by her special promise, intending to charge her separate estate, bind herself to pay for services of a nature which the law would ordinarily presume to have been performed upon the credit of her husband.

Where a servant, not a relative, goes to the house of an aged married woman to perform services under circumstances which fairly imply an intention upon the part of the married woman to compensate such servant by will

out of her separate estate, and the servant receives nothing under the will, the servant may enforce her claim against the separate estate of the deceased married woman.

Upon the trial of a disputed claim of this nature it is not erroneous to prove the value of the services performed by the servant, as such services are described by the testimony of another witness. The opinion in such a case is regarded as based upon the character and extent of the services as they were described, the same as if the statement furnished by the description had been embodied in a hypothetical question.

APPEAL by the defendant, John E. Richardson, as executor, etc., of Lucy Schryver, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Seneca on the 4th day of October, 1894, upon the report of a referee.

*MacDonald Bros.,* for the appellant.

*Charles Kellogg,* for the respondent.

BRADLEY, J.:

The matter of the plaintiff's alleged claim against the estate of the defendant's testatrix was referred pursuant to the statute. The referee found that the plaintiff stayed with the defendant's testatrix, did her work and took care of her from some time in March, 1892, until her death in July, 1893, for the period of sixty-nine weeks; that this service of the plaintiff was performed upon and in consideration of the promise of the defendant's testatrix that she would treat the plaintiff as a daughter and remember her in her will, and that the value of such services of the plaintiff was twelve dollars per week. The referee directed judgment accordingly for the plaintiff. The decedent was a married woman upwards of eighty years of age, in feeble health, and there is evidence tending to prove that during the time in question she required and had from the plaintiff much care and attention, and that the service performed by her in that behalf was of a character not at all times the most agreeable to the senses.

The defendant's testatrix had a separate estate. She made no provision by will for the plaintiff.

It is urged upon the part of the defendant that the presumption prevails in this case that the service of the plaintiff was performed

for or on the credit of the husband of the decedent. This would be so unless the promise of the wife may be treated as having been such as to charge her estate. (*Kegney* v. *Ovens*, 18 N. Y. St. Repr. 482; *Winkler* v. *Schlager*, 64 Hun, 83.)

But notwithstanding the services were those which the husband in his relation as such may be deemed to have been required to provide, the decedent could, by her promise intended to create her personal liability, charge herself and her separate estate for the price or value of the services. (*Maxon* v. *Scott*, 55 N. Y. 247; *Tiemeyer* v. *Turnquist*, 85 id. 516; *Ackley* v. *Westervelt*, 86 id. 448.)

There is evidence tending to prove that the decedent, by her promise, intended to charge herself personally for the services performed by the plaintiff. It appears that a short time before the commencement of the services, on one occasion she said to a witness that if the plaintiff would come and live with her she (the decedent) "would treat her as a daughter and remember her well in her will," and, on another occasion, that if the plaintiff "would come and stay with her as long as she lived she would remember her well in her will." The plaintiff was not present at those conversations, and for that reason it was urged that such purpose so expressed by the testatrix is not available to the plaintiff to charge her estate with the claim. It is true that the mere expression of intention to pay not having the nature of an agreement or promise may not support an action. While the relations between the Miller family and the testatrix were friendly and somewhat intimate, they were not relatives, so as to characterize the services as gratuitous in the absence of an express agreement.

In the present case the inference is permitted that the plaintiff entered upon the service on a promise made to her by the decedent to, in some manner, pay her. She went there soon after the statements before mentioned were made by the testatrix of her purpose in the event that the plaintiff came and remained with her; and, after the plaintiff had been there some time, the decedent said in her presence that Daisy should wait on her and do for her and it would be all right. The witness did not recollect that she then stated in what way she would make it all right with Daisy. The plaintiff remained with the decedent until her death.

In view of all the circumstances as represented by the evidence, the conclusion was warranted that the defendant's testatrix personally undertook to pay the plaintiff for the services; that they were performed by the latter upon her credit, and that their value was equal to the amount of the recovery.

There was no error in the reception of evidence offered to prove the value of the services performed by the plaintiff as described by the testimony of another witness. The opinion in such case is deemed based only upon the character and extent of the services as they had been so described, the same as if the statement furnished by such description had been embraced in a hypothetical question.

In this there was no error. (*McCollum* v. *Seward*, 62 N. Y. 316; *Seymour* v. *Fellows*, 77 id. 178.)

In *Reynolds* v. *Robinson* (64 N. Y. 589) the opinion of the expert called for was not confined to and based upon the description given by any witness, but after hearing the testimony of several witnesses he was asked what would be the value of services mentioned in the question put to him. That case is not necessarily applicable to the question here, and between it and the *McCollum* and *Seymour* cases, above cited, there is a clear distinction.

None of the exceptions were well taken.

The judgment should be affirmed.

LEWIS, DAVY and WARD, JJ., concurred.

Judgment affirmed, with costs against the estate of the defendant's testatrix.