(17 Misc. Rep. 332)

## LANT v. RASINES et al.

(Supreme Court, Appellate Term, First Department. June 2, 1896.)

EVIDENCE—EXPERT TESTIMONY—HYPOTHETICAL QUESTION.

Where plaintiff in an action for services as civil engineer testified in detail as to the services rendered, it is error to ask another witness, who had testified that he was a civil engineer, and that he had heard "most" of the testimony in the action, if he could, from what he had heard of the testimony, give an estimate of what plaintiff's services were reasonably worth. 38 N. Y. Supp. 975, reversed.

Appeal from city court of New York, general term.

Action by Frank P. Lant against Antonio Rasines and Philip Heipershausen, impleaded with Lewis H. Newton and James E. Byrne, to recover $500, as compensation for services alleged to have been rendered by plaintiff to defendants.    A judgment entered on a verdict in favor of plaintiff for $300 was affirmed by the city court (38 N. Y. Supp. 975), and defendants Rasines and Heipershausen appeal.    Reversed.

· Argued before DALY, P. J., and BISCHOFF and McADAM, JJ.

Mark Ash, for appellants.

Geo. W. Sandford, for respondent.

DALY, P. J.    The rule with respect to questions put to expert witnesses on the subject of value is, as stated by Judge Gray in Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696: "An expert witness should be confined to questions which contain in themselves the facts assumed to be proven upon which his opinion is desired." There is an exception to the rule, and that is where the testimony of a single witness is called to the attention of the expert, and he is asked a question based upon the testimony of that witness.    It is there the same as if the testimony had been read over to him and embodied in the question.    That was the case of McCollum v. Seward, 62 N. Y. 316, where the expert was asked, "What were his services as he, the plaintiff, described them worth?" and the

case of Seymour v. Fellows, 77 N. Y. 178, when the query was, "What, in your opinion, was the value of the services which Mr. Seymour stated he rendered?" and the case of Miller v. Richardson, 88 Hun, 49, 34 N. Y. Supp. 506, where the court said: "There was no error in the reception of the evidence offered to prove the value of services performed by plaintiff, as described by the testimony of another witness."

This case is not within the exception to the rule. The plaintiff having given testimony which covers a large number of folios, an expert is called and asked this question: "Q. Have you heard all the testimony in this suit? A. Most of it." And is then asked: "Q. Can you answer my question now, and give, as an estimate, from what you have heard of the testimony, what these services were reasonably worth?" The jury could not possibly know what was in the witness' mind. He did not say: "I have heard the testimony of the plaintiff, and, from what he stated, his services were worth so much." He only professed to speak from what he had heard of the testimony, and we do not know whether that excluded the more important parts of it or not. It is impossible to sustain that question without extending the exception to the rule further than the court of appeals or the supreme court has been willing to go, and perhaps without destroying the rule.

Judgment reversed, and new trial ordered, with costs to appellant of appeal in this court and the court below, and of the former trial to abide event. All concur.